JAMES OTIS CHANDLER *v.* STATE OF INDIANA.

[No. 472S36. Filed September 11, 1973. Rehearing denied November 20, 1973.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *Paul J. Baldoni,* Assistant Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Anthony J. Metz, III*, Deputy Attorney General, for appellee.

PRENTICE, J.—This matter is before us on an appeal from a denial of post-conviction relief.

On September 20, 1948, Defendant (Appellant) was indicted for murder in the first degree. On September 27, 1948, he appeared in court with counsel and entered a plea of not guilty. On September 30, 1948, he again appeared with counsel, entered a plea of guilty to the included offense of murder in the second degree and was sentenced to life imprisonment. The following is the record thereof under Rule 1-11 (now Criminal Rule 10) which was then in effect.

> " 'COURT: Upon your plea of guilty to second degree murder the court finds you guilty and now commits you to the Indiana State Prison during your life.'
>
> "IT IS THEREFORE considered, the (sic) decreed by the court that the defendant be and he hereby is sentenced to the Indiana State Prison during his life. The Sheriff of the County is ordered to carry into execution the judgment of this court."

The questions for review presented here and by the motion to correct errors are two:

> (1) Did Defendant enter a plea of guilty to the crime of Second Degree Murder knowingly and voluntarily and after being fully advised of his constitutional rights?
>
> (2) Was Defendant adequately and effectively represented by his privately retained attorney?

The findings of fact and conclusions of law rendered by the trial judge are as follows:

### "FINDINGS OF FACT

> 1. Defendant-movant pled guilty to the offense of Second Degree Murder on September 30, 1948, and was thereafter sentenced to the Indiana State Prison.
>
> 2. On September 13, 1954, defendant-movant filed a Verified Motion to Vacate Judgment.
>
> 3. On February 7, 1955, defendant-movant's Verified Motion to Vacate Judgment was overruled and denied by the court.

4. Defendant-movant filed a Petition for Post-Conviction Relief on January 6, 1971, alleging in part '8':

(a) Ineffective assistance of counsel, in this, that defense counsel refused to investigate this case, subpoena witnesses in behalf of movant, or in any way prepare a defense for movant, although movant had a valid defense in the facts of this case.

(b) The plea of guilty herein was not freely, intelligently, competently, or understandingly given, in this, that neither the trial court nor defense counsel advised movant of any of his constitutional rights, thereby denying such rights, in particular, the right to trial by jury.

5. Defendant-movant's Petition for Post-Conviction Relief filed on the above date in part '9' thereof, sets out a memorandum of law in support of part '8'.

6. On May 6, 1971, defendant-movant's Petition for Post-Conviction Relief was set for hearing and hearing was had.

7. Defendant-movant testified that at the time he pled guilty he had only a third grade education, received in the State of Missouri, was unfamiliar with the law and had been in the State of Indiana only a short time prior to his arrest.

8. Defendant-movant testified that when he entered his plea of Second Degree Murder he was not informed of his constitutional rights by the court. The court records, i.e., the docket sheet, does not show that defendant-movant was advised of his constitutional rights.

9. Defendant-movant testified that his privately retained counsel, Joseph T. Pawlowski, visited him in the jail only three (3) or four (4) times prior to his plea of guilty.

10. Defendant-movant testified that to the best of his knowledge Joseph T. Pawlowski did not investigate his case.

11. Defendant-movant testified concerning the facts of his case, which facts failed to include all of the elements of the offense of Second Degree Murder.

12. Defendant-movant testified that he had served more than twenty-two (22) years for the offense of Second Degree Murder.

13. Defendant-movant testified (and his F.B.I. record substantiates) that this was his first offense.

14. Defendant-movant testified that prior to his conviction his work was that of general unskilled laborer.

15. Defendant-movant's sister, Mrs. Brown, testified that in September of 1948 she journeyed from the State of

Missouri to South Bend, Indiana, to aid her brother who was charged with the above offense. During this visit she retained as counsel for him, Mr. Joseph T. Pawlowski, on the advice of the Prosecutor's Office.

16.   Mrs. Brown testified that prior to the hearing on May 6, 1971, she had spoken to Mr. Pawlowski on only three (3) occasions:

1.   In September of 1948, when she retained Mr. Pawlowski as her brother's attorney; and,

2.   On two (2) other occasions after her brother had been incarcerated in the Indiana State Prison.

17.   Mr. Joseph T. Pawlowski testified at this hearing that he had conferred with the defendant-movant eight (8) or twelve (12) times. Mr. Pawlowski testified that this was his first murder case. Mr. Pawlowski testified that, at the very most, he spent three (3) weeks investigating this case. Mr. Pawlowski testified that he had been disbarred in 1960. Mr. Pawlowski testified that he had been convicted of a Federal offense: income tax evasion, and had served one (1) year in the Federal Penitentiary.

## CONCLUSIONS OF LAW

1.   The law is with the State of Indiana.

2.   Defendant-movant entered his plea of guilty knowingly and voluntarily and after being fully advised of his constitutional rights.

3.   Defendant-movant's attorney was in no way ineffective in his representation of defendant-movant."

At the outset, it should be pointed out that the findings of fact, upon which the trial court answered both of the above questions in the affirmative are inadequate and probably contradictory. Although there are a few findings entered, for the most part the total entry amounts to no more than a recital of testimony and falls far short of complying with the mandate of Post Conviction Remedy Rule 1, § 6. Under other circumstances, we would remand with instructions to make specific findings, as was done in Love v. State (1971), 257 Ind. 57, 272 N. E. 2d 456. Because of the unrelenting burden upon this Court and upon the office of the Public Defender, this matter has been more than two and one-half

years coming before us for this review. Desiring that the time and effort expended to date not be wasted, we have, therefore, looked behind the so-called "findings." From this view, we have concluded that the defendant should have the relief which he seeks.

Our decision herein is prompted by the combining of forces, that is to say by both the defendant's claim of ineffective counsel and by his claim that his plea of guilty was not knowingly and voluntarily made.

Evidence favorable to the defendant but omitted from the so-called "findings," includes the following:

1. Defendant's testimony that the man he killed was a bystander and not the person with whom he was engaged in a gun fight and that the coroner had indicated that the bullet that killed the decedent may not have come from the defendant's gun.

2. Defendant's testimony that his attorney had advised him, at his first interview, that he could get the defendant two to twenty-one years, later urged him to enter the plea of guilty to avoid the electric chair and further advised him that he would be out in *several* years.

3. Testimony of the defendant's sister that she retained this particular lawyer upon the recommendation of the prosecutor.

4. The attorney denied that he urged the defendant to enter the plea, but acknowledged that his investigation consisted of a conference with the police and interviews with those persons named upon the state's list of witnesses. He further testified that the guilty plea was the defendant's own idea, that he did not know the defendant's level of intelligence and did not concern himself with it.

5. The attorney denied that he advised the defendant that he would be out in several years if he entered the guilty plea, but he acknowledged that he advised him that he would come before the parole board in *several* years. (It is significant that on a sentence of life, the defendant could not have been eligible for parole in less than fifteen years.)

The proceedings relative to the disbarment of the attorney were held in this Court and are matters concerning which we may here properly take judicial notice. (*In the Matter of Pawlowski* (1960), 240 Ind. 412, 165 N. E.

2d 595.) Although his disbarment occurred nearly twelve years subsequent to his representation of the defendant, the acts of misconduct with which the attorney was charged were numerous and extended over a great period of time, some dating back to the approximate time of his employment by the defendant. The charges upon which we found the evidence to preponderate against the attorney included attempted bribery, retention of funds from which he had agreed to pay his clients' fines, claims and inferences by him that he had an undue influence with the prosecutor's office and others in a position to affect his clients' litigation and the charging of excessive fees, with the representation that substantial amounts were to be paid to others to influence the results. In general, the evidence in the disbarment proceedings reflects a lawyer who was a menace to society—one whose modus operandi was to prey upon his own clients with complete indifference as to their welfare. Although we cannot say that the evidence and findings in the disbarment proceedings, squalid as they were, would suffice to overcome the presumption that, in the defendant's case, the attorney was effective, it is obvious nevertheless that the charges, evidence and conclusions in the disbarment proceedings were entirely consistent with the defendant's version of his experience with his attorney.

It has long been recognized that a plea of guilty can only be binding if knowingly and voluntarily made and that one who is unaware of his constitutional rights could not ▮ knowlingly waive them by entering a plea of guilty. Also, this Court has frequently stated that trial courts should not receive a plea of guilty from a defendant charged with serious crime and who is not represented by counsel, until after reasonable inquiry into the facts to discover whether the plea is entered freely and understandingly. *Dearing* v. *State* (1951), 229 Ind. 131, 95 N. E. 2d 832 (and cases there cited), *Thacker* v. *State* (1970), 254 Ind. 665, 262 N. E. 2d 189. To help assure that those accused of crimes are fully advised and to avoid post-conviction charges that

they were not, we adopted Rule 1-11 (now Criminal Rule 10) in 1946. This rule requires the trial court, upon taking a guilty plea, to record the entire proceedings in connection therewith, including questions, answers and statements made by the defendant and his attorney, if any, the prosecutor and the judge. *Campbell* v. *State* (1951), 229 Ind. 198, 96 N. E. 2d 876. In subsequent cases, we have repeatedly stressed that the record should affirmatively evidence that the defendant was accorded all of his constitutional rights at that stage. It has recently been held by the Supreme Court of the United States that the record must do so even when the defendant is represented by counsel. *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274. In 1972 in *Conley* v. *State*, 259 Ind. 29, 284 N. E. 2d 803, by a divided court and because Appellant was represented by counsel, we declined to override the trial court's denial of the post-conviction application, notwithstanding that the trial judge had not inquired as to the appellant's understanding and the voluntariness of his guilty plea. We, nevertheless, strongly urged that even though the accused be represented by counsel, the trial judge should make such inquiry at the time a guilty plea is tendered. We are here confronted with a situation that makes the strict application of *Conley* inappropriate. The distinguishing feature is that, although we acknowledge that the trial judge may have been warranted in his conclusion that the defendant did not carry the burden of proof by a preponderance of the evidence upon the issue of his attorney's effectiveness, the totality of the circumstances render its correctness highly suspect.

The presumption that an attorney has discharged his duty fully and the requirement of strong and convincing proof to overcome it are doctrines of necessity rather than of great logic. They are harsh and unquestionably must sometimes work injustices. The burden of proving ineffectiveness of counsel is heavy indeed, which to some extent lends validity to the doctrine of *Boykin* and the prophy-

lactic approach to such problems. We conclude that when, as here, the record discloses that at the time the guilty plea was entered the trial judge did not perform his duty by determining that such plea was knowingly and voluntarily entered, or if the record fails affirmatively to show such a determination, a petitioner who claims that his counsel was ineffective and failed to advise him will not be required to prove the same by a preponderance of the evidence, as he otherwise would be, but will be entitled to withdraw the plea if he raises a reasonable doubt upon that issue.

We find that at the time the trial court accepted the defendant's plea of guilty, it failed to properly advise him as to his constitutional rights and failed to determine if such plea was knowingly and voluntarily made. We further find that there is a reasonable doubt as to whether or not the defendant had the benefit of effective counsel at the time his guilty plea was entered. Accordingly the judgment of the trial court is reversed and the cause is hereby remanded and the trial court is directed to sustain defendant's motion to correct errors, to set aside the judgment rendered upon his plea of guilty and to permit the defendant to withdraw said plea of guilty.

DeBruler and Hunter, JJ., concur; Givan, J., concurs in result; Arterburn, C.J., dissents.

NOTE.—Reported in 300 N. E. 2d 877.