HOWARD CAMPBELL *v.* STATE OF INDIANA.

[No. 1173S233. Filed January 7, 1975.
Rehearing denied March 4, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PRENTICE, J.—This is an appeal from a denial of a motion to correct errors following the denial of a Post-Conviction Remedy Rule 1 motion to vacate the prior judgment, withdraw the plea of guilty and grant a jury trial. It presents two issues: (1) If the defendant lacked knowledge of whether or not he was guilty, as he alleged, was his guilty plea thereby rendered void? (2) Did the trial court's failure to advise the defendant of his constitutional right to confront his accusers and of the constitutional prohibition against compulsory self-incrimination render his guilty plea void?

Defendant (Appellant) was charged with First Degree Murder of his wife by stabbing. Proper counsel was appointed, and pleas of not guilty and not guilty by reason of insanity were filed. Subsequently, the defendant's competence to stand trial was determined, but the record does not disclose whether this issue was suggested by the defense or injected by the court sua sponte.

The homicide occurred on August 5, 1966. On February 9, 1967, the defendant appeared with his appointed counsel, withdrew both pleas, waived a jury trial and entered a "bargained" plea of guilty to second degree murder. At this point, the court undertook to advise the defendant of his rights.

The court advised the defendant that he had a right to a trial by jury and briefly explained what a jury was. When asked if he wanted a jury trial, the defendant replied that he did not. He was asked if he understood what a jury was,

and he replied that he did. The trial judge then identified himself by name and asked the defendant if he was satisfied with him as judge, and the defendant replied that he was. He then acknowledged that he was present when two doctors testified that he was not of unsound mind and advised the court that he wanted to withdraw his plea of insanity. The court explained that life imprisonment was the only penalty for second degree murder and that upon a trial, either by jury or by the court, the lesser included offense of manslaughter and a penalty of two to twenty-one years imprisonment could be considered. The defendant acknowledged that he knew this and that neither the police, his attorney nor anybody else had made any promises or forced him to enter the guilty plea. Thereupon, the court asked the defendant if he committed the murder, and he replied that he did not know and that he did not remember the occurrence but that he wanted to plead guilty "just to get it over with."

Upon hearing the foregoing, the court denied the defendant's motion and ordered the case set for trial by jury. At this point, the defendant stated that he had committed the crime, but upon further interrogation by the court, he repeated that he had no memory of the crime, because he was drunk. He further stated that he believed that he had done it, because all of the facts pointed to him. The court explained that it did not want the defendant to plead guilty just to get it over with, because he was entitled to let a jury make the determination, but the defendant insisted that he wanted to plead guilty.

Following the above related encounter with the defendant, the court re-instated the guilty plea and proceeded to receive evidence, including eyewitness testimony, that was conclusive upon all requisites except intent and persuasively inferential upon that.

\* \* \*

ISSUE I. The guilty plea was valid and binding upon the defendant if it was voluntarily and intelligently entered.

The voluntariness of the plea is not disputed, but it is the defendant's contention that it was not intelligently made, inasmuch as it was made without his having actual knowledge of guilt.

We are guided in our determination of this issue by the following cases: *Harshman* v. *State* (1953), 232 Ind. 618, 115 N.E.2d 501; *Brady* v. *United States* (1970), 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747; *North Carolina* v. *Alford* (1970), 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162; *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872.

*Harshman* v. *State, supra,* held, in essence, that guilty pleas must be made by the accused voluntarily and knowingly "* * * intelligently, advisedly and understandingly, with full knowledge of his rights, and with the considered approval of the judge * * *," in that a guilty plea from one who, in the same breath, protests his innocence or declares he actually does not know, is no plea at all. There are factual similarities between *Harshman* and the case at bar, but there are also vividly distinguishing features that render it inapplicable. Harshman was without counsel, and the record disclosed no evidence substantiating the guilty plea. Although there was language used in that opinion to the effect that a judge should never accept a guilty plea when the accused asserts that he does not know whether he committed the crime, the rule of the case does not go that far.

In *Brady* v. *United States, supra,* the Supreme Court of the United States held that Brady's guilty plea had been voluntary, although it may have been motivated in part by a desire to avoid a possible death sentence. This, notwithstanding that the death penalty provision had subsequently been held unconstitutional.

*North Carolina* v. *Alford, supra,* held that the facts that the defendant would not have pleaded guilty except for the opportunity to limit the possible penalty and that he stated

that he did not commit the crime but was pleading guilty on advice of counsel, did not necessarily demonstrate that the plea was not the product of a free and rational choice, he having been represented by competent counsel and substantial evidence of guilt having been presented.

In *Kelly* v. *State, supra,* this Court held that a guilty plea entered as a result of plea bargaining was, nevertheless, valid, so long as it was voluntary and the defendant clearly understood the consequences of his act.

In view of the foregoing, we hold that the defendant's guilty plea was valid, notwithstanding his professed lack of knowledge. The case comes within the rule of *Alford, supra,* and we hold that a plea of guilty is not required to be motivated by a consciousness of guilt. What is required is that it be voluntary and that the decision be made intelligently, that is with knowledge of the available alternatives and their possible consequences. The ultimate choice belongs to the accused, and what he reasonably believes to be the possible or probable consequences under the available alternatives are legitimate considerations. These include the relative chances of acquittal or conviction of a more serious offense and the consequent greater penalty.

It is apparent upon the face of the record that while the defendant may not have remembered the criminal act, he believed himself to be guilty. He was aware of the evidence against him and believed that his chance for acquittal or conviction of a lesser offense was slight, if not nil. It is also apparent from the evidence introduced that his belief was well-founded and his choice prudent. Also, he had counsel which we presume to have been competent and effective. All of these elements weigh heavily towards the finding of the trial judge that the guilty plea was voluntarily and intelligently entered.

ISSUE II. The trial court's advice to the defendant of his constitutional rights at the time the guilty plea was

entered was limited to the matters hereinbefore related. The defendant was not advised that he could not be compelled to testify against himself. Neither was he advised that he had a right to confront his accusers. The defendant contends that in the absence of such information, his plea could not have been voluntarily and intelligently made. This argument is not without merit and is clearly supported by *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557, *Bonner* v. *State* (1973), Ind. App., 297 N.E. 2d 867 and *Chandler* v. *State* (1973), 261 Ind. 161, 300 N.E. 2d 877. However, for the reasons expressed in *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803, we decline to follow *Boykin* as was done in *Brimhall* and *Bonner*. We agree that the failure of a record to show affirmatively that a trial court advised the defendant of each of his constitutional rights as enumerated in Boykin,[1] or that he was otherwise aware of such guaranties, is reversible error in cases arising subsequent to *Boykin*. However, this defendant's guilty plea came two years before *Boykin* was decided. We are, therefore, at liberty to apply the rule of *Conley* v. *State, supra.* In *Conley*, we declined to give *Boykin* retroactive application and held that in the absence of an allegation and the showing of ineffective counsel, we would conclude that the attorney provided full and adequate assistance. We are firm in our conviction that the defendant in the case before us entered his guilty plea voluntarily and that his plea would not have been altered by more inclusive advice from the court.

---

1. *"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First,* is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 US 1, 12 L Ed 2d 653, 84 S Ct 1489. *Second,* is the right to trial by jury. Duncan v. Louisiana, 391 US 145, 20 L Ed 2d 491, 88 S Ct 1444. *Third,* is the right to confront one's accusers. Pointer v. Texas, 380 US 400, 13 L Ed 2d 923, 85 S Ct 1065. *We cannot presume a waiver of these three important federal rights from a silent record."* Boykin v. Alabama, *supra,* 395 U.S. at 243, 89 S. Ct. at 1712, 23 L. Ed. 2d at 279-280. (Emphasis added).

Defendant submits that *Conley, supra,* is not controlling in view of *Chandler* v. *State, supra.* In *Chandler,* we adopted a very limited exception to the post-conviction rule requiring the petitioner to carry the burden of proof by a preponderance of the evidence. Such exception applies only where the petitioner makes a claim that his guilty plea was not voluntarily and intelligently made, charges that his counsel was ineffective and the record fails to disclose that he was properly advised by the court prior to the acceptance of the guilty plea. Under such circumstances, the preponderance rule is relaxed, and the petitioner will be permitted to withdraw his guilty plea, if he raises a *reasonable doubt* upon the issue of his counsel's effectiveness. In *Chandler,* there was a serious doubt as to whether the defendant had had the benefit of effective counsel. The record was replete with evidence rendering counsel's effectiveness highly suspect. In the case before us, there has been very little. True, the defendant signed a verified petition alleging incompetency, but this was merely his conclusion and is entitled to no weight. All of the testimony upon the issue came from the defendant whose credibility, under the circumstances, might well be questioned. However, it was not disputed by the State, and we, therefore, must accept it as true. Such testimony disclosed that the defendant was advised by his counsel of the alternatives available to him, that he saw him only "around two (2) times" and talked to him for "I'd say a half an hour, altogether." Defendant also testified that he had advised his counsel that he did not remember the criminal event, that counsel did not explain to him that a jury verdict was required to be unanimous and that the attorney advised him to enter the guilty plea. Such limited counseling is by no means a model of zealous representation; but remembering that there is a strong presumption that an attorney discharged his duty fully, *Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E.2d 231, 237; *Shuemak* v. *State* (1970), 254 Ind. 117, 258 N.E.2d 158, we cannot

say that the evidence presented, although uncontradicted, raised a reasonable doubt.

The judgment of the trial court is affirmed.

Givan, C.J., Arterburn and Hunter, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 321 N.E.2d 560.