CARL W. SANDERSON *v.* STATE OF INDIANA.

[No. 276S34. Filed April 20, 1977.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Eugene C. Hollander,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

ARTERBURN, J.—On February 16, 1966, the Appellant, Carl W. Sanderson, entered a plea of guilty of first degree murder and was sentenced to imprisonment for life. On December 6, 1973, he filed a Petition for Post-Conviction Relief with the Grant County Circuit Court challenging the entry of that plea. A hearing on the Appellant's petition was held on September 4, 1975. The petition was denied and findings of fact and conclusions of law were filed by the trial court on September, 25, 1975. The Appellant's Motion to Correct Errors was filed on November 26, 1975, and denied on December 15, 1975. On June 1, 1976, this Court granted the Appellant permission to file a belated appeal of this denial. This appeal has been kept viable by timely requests for extensions of time filed by the Appellant and granted by this Court.

The Appellant contends first that his plea of guilty was not knowingly and voluntarily entered due to his state of mind and the inadequacy of his trial counsel. We note at the outset that the Appellant's plea was entered before *Boykin* v. *Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, was decided. The *Boykin* decision, which requires trial courts to specifically advise defendants as to certain constitutional rights before accepting a guilty plea, is not retroactive in application. *Conley* v. *State,* (1972) 259 Ind. 29, 284 N.E.2d 803; *Campbell* v. *State,* (1975) 262 Ind. 594, 321 N.E.2d 560; *Colvin* v. *State,* (1975) 262 Ind. 608, 321 N.E.2d 565. Nonetheless, the fact that proper advisements were not given a defendant does have an effect on the burden of proof he must bear in a case such as this. *Chandler* v. *State,* (1973) 261 Ind. 161, 300 N.E. 2d 877.

"In *Chandler,* we adopted a very limited exception to the post-conviction rule requiring the petitioner to carry the burden of proof by a preponderance of the evidence. Such

exception applies only where the petitioner makes a claim that his guilty plea was not voluntarily and intelligently made, charges that his counsel was ineffective and the record fails to disclose that he was properly advised by the court prior to the acceptance of the guilty plea. Under such circumstances, the preponderance rule is relaxed, and the petitioner will be permitted to withdraw his guilty plea, if he raises a *reasonable doubt* upon the issue of his counsel's effectiveness."

*Campbell* v. *State, supra,* 262 Ind. at 600.

The record of this case reveals that, though the trial court made extensive inquiry into whether the Appellant's plea was knowing and voluntary, proper advisements were not given the Appellant prior to the acceptance of his plea. The burden required of the Appellant regarding competency of counsel is, therefore, the relaxed one of the *Chandler* and *Campbell* decisions. Other grounds for withdrawal of the Appellant's plea must be established by a preponderance of the evidence. Ind. R. P. C. 1(5) ; *Perkins* v. *State,* (1975) 263 Ind. 270, 329 N.E.2d 572. We do not think it can be said that the trial court erred, on the basis of either of these burdens of proof, in denying the Appellant's petition for post-conviction relief.

The claim of inadequate counsel here is based essentially on four allegations:

1. His attorney failed to advise the Appellant of his constitutional rights;

2. He refused to explain to the Appellant the events going on around him;

3. The Appellant's counsel pursued a strategy of plea-bargaining in the face of evidence supporting a defense of not guilty by reason of insanity;

4. His counsel coerced the Appellant to plead guilty by threatening to see that he got the death penalty if he did not or see that he was "sent to Westville, where they would cook his brain."

The only evidence presented by the Appellant at his post-conviction remedy hearing was his own testimony. His trial

counsel also testified at that hearing and flatly denied each of the Appellant's charges. He stated that he had fully explained the Appellant's constitutional rights to him, that he had conferred with his client on numerous occasions regarding the processes he was going through, and that he had at no time threatened the Appellant. Another attorney, a local attorney from the county to which this case was venued, also conferred with the Appellant.

The "plea-bargain" arranged by defense counsel in this case consisted of an agreement that if the Appellant pleaded guilty to Count II, felony murder, then the prosecution would agree to a change of venue to a county where the death penalty (possible under Indiana law at the time of the Appellant's plea) would not be imposed. The record shows that this agreement was carried out. The case was venued from Huntington County to Grant County, where the Appellant's plea was accepted and a sentence of life imprisonment was imposed.

The decision to pursue this arrangement apparently stemmed from the judgment that the evidence against the Appellant was quite strong. The transcript of the guilty plea hearing shows that the Appellant was arrested in the automobile of the decedent after a high speed chase. He had with him in the car two shot guns and two handguns. One handgun was identified as belonging to the decedent. When the body of the decedent was later found, it was determined that death had been caused by a shotgun blast.

Investigation of the decedent's home revealed that it had been forcibly entered through the kitchen. The telephone lines had been cut. A palmprint of the Appellant was found on the premises. Before the acceptance of his plea, the Appellant related to the trial court how he had broken into the home, burglarized it, shot the decedent, and stolen his car, all in an attempt to aid his flight from another crime committed previously. A confession given police by the Appellant was admitted into evidence at the post-conviction petition

hearing, though the admissibility of that document at a trial was not determined.

The Appellant maintains, however, that his trial counsel's decision to submit the guilty plea was arrived at prematurely, and was somehow improperly adhered to despite psychiatric reports which supported a possible defense of legal insanity. The reports cited by the Appellant were authored by two psychiatrists, Dr. Larry K. Musselman and Dr. Robert F. Green. Dr. Green was of the opinion that the Appellant had been "operating under the concept of the so-called irresistible impulse" and was not responsible for his actions. The report of Dr. Musselman did not arrive at so specific an opinion, but concluded that the Appellant would be a "seriously mentally ill person" under stress.

It should be pointed out that neither of these reports concluded that the Appellant was not competent to stand trial or enter a plea of guilty. The Appellant's attorney testified at the post-conviction remedy hearing that the Appellant had consistently rejected the possibility of an insanity defense. The Appellant testified at his guilty plea hearing that he was pleading guilty having read and understood the psychiatric evaluations which had been made. Perhaps even more important, the Grant Circuit Court refused to consider the Appellant's plea before additional psychiatric examinations were conducted.

Those additional examinations were conducted by Dr. Jack Oatman and Dr. John Woodbury. Each of these physicians concluded that the Appellant was legally sane on the day of the crime charged and that the Appellant was competent to stand trial. It was only after these conclusions were reached that the Appellant's guilty plea was submitted to and accepted by the trial court.

There is a strong presumption that an attorney has discharged his duty fully. *Meyers v. State,* (1975) 262 Ind. 613, 321 N.E.2d 201. We do not think that a reasonable doubt regarding the effectiveness of counsel has been raised here. The trial court's determination

necessarily revolved around the conflicting testimony of the Appellant and his attorney. The trial judge, as the trier of facts, is the sole judge of the credibility of witnesses. *Lamb* v. *State,* (1975) 263 Ind. 137, 325 N.E.2d 180; *Meyers* v. *State, supra.*

We do not think that the psychological evaluations of Dr. Musselman and Dr. Green show that the Appellant could not have entered a knowing and voluntary plea of guilty. This argument ignores the other psychiatric reports submitted to the trial court and the testimony given by the Appellant at his guilty plea hearing. Nor do we see that the Appellant's "questionable mental capacity" and "meager educational background" should have alerted the trial court "to the need to delve in detail into" the Appellant's constitutional rights. We have already noted that the trial court was not required by law to specifically advise the Appellant as to constitutional rights to be waived by his plea. The particular facts of this case did not impose such a duty. The finding that those factors and those asserted regarding competency of counsel did not render the plea unknowing or involuntary will not be disturbed in the face of conflicting evidence. *Whittaker* v. *State,* (1976) 265 Ind. 583, 357 N.E.2d 243.

The final argument presented by the Appellant is that the trial court erred in its conduct of the post-conviction remedy hearing when it admitted into evidence the confession purportedly given by the Appellant to Huntington police. It is contended that this confession is not relevant to the issue of the Appellant's guilty plea. The Appellant himself, however, testified at length at that hearing regarding the confession and the alleged threats under which it was made. We do not see that the Appellant can complain when the confession itself was later introduced. The confession was not admitted as it related to guilt or innocence, but as it related to the Appellant's claims that he was threatened and not properly advised by police. Moreover, the testimony of the Appellant at his guilty plea hearing, in which he

confessed to the crimes charged, was already a part of the Court's record. It is the burden of an appellant to show that error complained of was prejudicial. *Hester* v. *State*, (1974) 262 Ind. 284, 315 N.E.2d 351. No attempt to carry this burden has been made here.

The judgment of the trial court denying the Appellant's petition for post-conviction relief is affirmed.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported 361 N.E.2d 910.