LOUIS HENDERSON GRIMES *v.* STATE OF INDIANA.

[No. 276S44.  Filed August 29, 1977.]

*Harriette Bailey Conn, (Mrs.)*, Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HUNTER, J.—In 1967 the petitioner, Louis Henderson Grimes, was charged with first degree murder and subsequently, with the assistance of counsel, pleaded guilty to second degree murder. His petition for post-conviction relief was denied by the trial court and his motion to correct errors was overruled. He now appeals, raising the following issues:

1. The effectiveness of his trial counsel;

2. The voluntariness of his guilty plea;

3. The validity of his waiver of jury trial; and

4. Whether it was error for his former counsel to preside over his case.

## I.

Petitioner contends that he was denied the effective assistance of counsel at his guilty plea hearing and that his plea was not voluntary, knowing and intelligent.

In 1967 the petitioner was indicted for first degree murder. Pauper counsel was appointed to represent him. One month later, petitioner tendered a plea of guilty to the lesser included offense of second degree murder. The record of that proceeding reveals that petitioner's counsel informed the court that petitioner was willing to plead guilty to second degree murder. Upon inquiry from his counsel, the petitioner indicated that his plea was his own free and voluntary wish, and not induced by promises. The court then informed petitioner of the charge, of the penalties for first and second degree murder, and of his right to trial by jury. The court also learned that the petitioner had discussed the case with his counsel. A statement of a witness, which indicated that the petitioner had shot someone while robbing a liquor store, was also re-

ceived in evidence. The trial court then accepted petitioner's guilty plea and sentenced him to life imprisonment.

The petitioner claims his counsel was ineffective because of the short period of time from counsel's appointment to the plea, minimal consultation and the use of scare tactics. He claims his plea was involuntary and unintelligent because of his lack of education and because of the trial court's failure to advise him of his rights, more specifically, his rights to subpoena and confront witnesses and his rights against self-incrimination.

There is a strong presumption that counsel, appointed or accepted by the court to represent the defendant, is competent. *Issac* v. *State,* (1971) 257 Ind. 319, 274 N.E. 2d 231; *Shuemak* v. *State,* (1970) 254 Ind. 117, 258 N.E.2d 158.

"[W]e must assume that the counsel discharged his duty by informing his client regarding the nature of the crime with which he was charged, the penalty imposed, and appellant's constitutional rights to trial by jury, to subpoena and be confronted by witnesses, etc., and this presumption will prevail until overcome by strong and convincing proof."

*Penn* v. *State,* (1961) 242 Ind. 359, 177 N.E.2d 889, 893; accord, *Conley* v. *State,* (1972) 259 Ind. 29, 284 N.E.2d 803. This presumption can be overcome only if it can be shown that what the attorney did, or did not do, made the proceedings a mockery or shocks the conscience of this Court. *Robbins* v. *State,* (1971) 257 Ind. 273, 274 N.E.2d 255. However, where as here, the petitioner claims his guilty plea was not voluntary and intelligent, charges that his counsel was ineffective and the record fails to disclose that he was properly advised of all his constitutional rights, the burden of proof by a preponderance of the evidence is relaxed, and the petitioner is permitted to withdraw his guilty plea if he raises a reasonable doubt on the issue of his counsel's effectiveness. *Sanderson* v. *State,* (1977) 266 Ind. 205, 361 N.E.2d 910; *Chandler* v. *State,* (1973) 261 Ind. 161, 300 N.E.2d 877.

We cannot say, considering the strong presumption that counsel is competent, that the petitioner has raised a reasonable doubt concerning his counsel's effectiveness. The record does not reveal that more extended consultation would have disclosed anything pertinent to the case, and this being so, there is no inference of ineffectiveness from minimal consultation. *Haddock* v. *State*, (1973) 260 Ind. 593, 298 N.E.2d 418; *Daniels* v. *State*, (1974) 160 Ind. App. 582, 312 N.E.2d 890. There was one month between the time counsel was appointed and the time of petitioner's guilty plea, which does not indicate hurried and inadequate representation. *Colvin* v. *State*, (1975) 262 Ind. 608, 321 N.E. 2d 565. And finally, the record does not support the use of scare tactics. Only the petitioner testified and his testimony reveals merely that his attorney advised him that first degree murder carried the possible consequence of the death penalty. From the evidence presented we believe that the petitioner was adequately represented.

A plea of guilty is a conviction and, in order to be valid, must be freely and intelligently entered. *Mislik* v. *State*, (1915) 184 Ind. 72, 110 N.E. 551.[1] Petitioner claims that his plea was coerced by threats of the electric chair. This claim is not supported by the record, as was previously noted.

> "We know of no case prior to *Boykin* (citation omitted), where a defendant represented by counsel, not shown to have been ineffective, was permitted to withdraw a guilty plea upon a claim that it was not knowingly and voluntarily made. . . . Therefore, upon the court's finding that the petitioner was represented by competent counsel, the voluntariness of his plea necessarily follows. . . ."

*Colvin* v. *State*, (1975) 262 Ind. 608, 613, 321 N.E.2d 565, 567. There was no error in the trial court finding that petitioner's guilty plea was voluntarily entered.

---

1. Petitioner's plea was accepted prior to the decision, Boykin v. Alabama, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, which is not retroactive. Conley v. State, supra.

## II.

The petitioner contends he did not waive his right to trial by jury. The relevant portion of the guilty plea proceeding is as follows:

Q. "Under our State Constitution you have a right to be tried by a Jury or you can be tried by this Court, which do you prefer?"
A. "Here, I think."
Q. "Do you want to be tried by a Jury?"
A. "No, sir."
Q. "In other words, you are willing to waive your right to a trial by Jury?"
A. "Yes, sir."

Although the petitioner makes one incomprehensible answer, the record adequately supports a finding that he waived his right to trial by jury.

## III.

Cleve Stenhouse sat as judge pro tem at petitioner's guilty plea hearing. In 1946 and 1949 the petitioner had been represented by Stenhouse. In 1963 the petitioner paid Stenhouse and recommended him to a friend for advice in a civil manner. Petitioner claims that it was error for Stenhouse to not disqualify himself for bias from petitioner's case.

Although he claims that he personally raised the matter before the judge, the record of the guilty plea proceeding reflects no such statement by the petitioner or his counsel. Neither does the record reveal any motion for disqualification. The petitioner, therefore, has not preserved this issue for review. *Baker* v. *State,* (1974) 262 Ind. 543, 319 N.E.2d 344. Even were the issue preserved we cannot see that the judge would have been obliged to disqualify himself. The statute in question disqualifies a judge who has been "of counsel *in the cause.*" Ind. Code § 35-1-25-2 (Burns 1975) [emphasis added.] And the former representation was indeed remote in time from the arraignment.

There was no error in petitioner's former counsel presiding over the case.

For all the foregoing reasons there was no trial error and the judgment should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 366 N.E.2d 639.