TIP HARRIS *v.* STATE OF INDIANA.

[No. 577S358. Filed February 8, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Stephen W. Dillon,* Former Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant pled guilty in 1962, to first degree murder and was sentenced to life imprisonment.

PC 1, Sec. 5, places the burden of proof upon a petitioner to establish grounds for relief by a preponderance of the

evidence. *Payne* v. *State*, (1973) 261 Ind. 221, 301 N.E.2d 514. When petitioner asserts the ineffectiveness of counsel as grounds for relief he must demonstrate by clear and convincing evidence that the conduct of his counsel reduced the entire criminal proceedings to a mockery of justice. *Logston* v. *State*, (1977) 266 Ind. 395, 363 N.E.2d 975; *Greer* v. *State*, (1975) 262 Ind. 622, 321 N.E.2d 842. Appellant relies upon *Sanderson* v. *State*, (1977) 266 Ind. 205, 361 N.E.2d 910, *Meyers* v. *State*, (1975) 262 Ind. 613, 321 N.E.2d 201, *Campbell* v. *State*, (1975) 262 Ind. 594, 321 N.E.2d 560, and *Chandler* v. *State*, (1973) 261 Ind. 161, 300 N.E.2d 877, for the proposition that when he seeks to withdraw his plea of guilty by claiming that it has been entered involuntarily as a result of ineffective counsel, the petitioner will be permitted to withdraw the plea if he can raise a reasonable doubt as to his attorney's effectiveness. Appellant's case does not however come within the factual framework of the *Chandler* case and the subsequent cases.

In the *Chandler* case the record disclosed that appellant's counsel had a long history of unethical practice and that the appellant had a good defense but had pled guilty on the advice of his attorney. There was nothing in the record to indicate that Chandler had received any advice from the trial judge at the time of entering his plea. Under the circumstances this Court held that Chandler had raised a reasonable doubt as to the competency of his counsel and relief would be afforded. In the case at bar there is nothing to indicate trial counsel was ineffective. The record shows that counsel had filed a motion for change of venue which was granted; had filed a motion to quash which was denied; and that the State had a strong case against the appellant based primarily upon a prior confession.

There is no evidence in the record to support an allegation that the confession was given involuntarily. The record

further reveals that upon advice of counsel, the appellant was permitted to plead guilty and was sentenced to life imprisonment rather than to run the risk of receiving a death penalty upon trial. The appellant was closely examined by the trial court at the time he entered his plea of guilty. At that examination he stated that he had chosen his attorneys, that he was satisfied with their conduct and had been fully informed of his rights, the charge against him and the penalty prescribed by law for murder in the first degree. He further stated that he was acting without fear and of his own free will in his desire to change his plea. Two days later at the sentencing appellant again stated that his plea was entered of his own free will.

At the post-conviction hearing appellant was the only witness. He testified that one of his attorneys told him that he might receive life imprisonment but that the other one told him that he might be released within six to eight years. He stated that it was since his plea of guilty that he had become dissatisfied with the conduct of his attorneys. Neither attorney who had represented the appellant testified at the post-conviction hearing. A decision of the trial court against the party bearing the burden of proof will not be set aside unless the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Carroll* v. *State*, (1976) 265 Ind. 423, 355 N.E.2d 408; *Roberts* v. *State*, (1975) 263 Ind. 53, 324 N.E.2d 265. There is sufficient evidence in this record to support the trial judge's finding that the appellant did not raise a reasonable doubt as to the effectiveness of his attorneys.

Appellant next argues that his guilty plea was not knowingly, intelligently and voluntarily entered. He acknowledges that he was advised of all constitutional rights that were required to be given as of 1962, but contends that his plea was still constitutionally defective since his counsel was ineffective. As pointed out above, we have already ruled that appellant failed to discharge his burden of

proof of showing any reasonable doubt as to the competency of his counsel. Therefore the trial court did not err in finding that his plea of guilty was entered knowingly, intelligently and voluntarily.

The trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 372 N.E.2d 174.