Gregory HENSON, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 778S132.

Supreme Court of Indiana.

July 30, 1979.

Harriette Bailey Conn, Public Defender, Trudy Simmons, Sp. Asst. Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. The petitioner had previously been charged with first-degree murder and then had entered a guilty plea to murder in the second degree. He was sentenced to a term of fifteen to twenty-five years and raises the following issues on appeal:

1. Whether the trial court erred in accepting the plea of guilty since there was allegedly no factual basis to establish the element of malice; and

2. Whether the trial court erred in refusing to modify the conviction and sentence to reflect a plea of guilty to voluntary manslaughter.

The facts from the record necessary for our discussion of these issues show that the petitioner was charged with first-degree murder in the shooting death of Janet Marie Troxel in Bloomington, Indiana, on November 30, 1974. A witness, John Retz, testified that he was a student at Indiana University, driving a taxi for the Yellow Cab Company at the time of the crime. He was dispatched to a trailer court in the early morning hours of November 30, 1974. There he was motioned to one of the mobile homes by a man. The man reentered the trailer and then emerged with a woman who was holding a baby and was accompanied by three other small children. The children got into the back seat of the cab, and as the witness turned he observed the man take a shotgun out of his own car and say to the woman, "I'm going to kill you."

Retz could see what was happening at close range and under good lighting. He watched as the man began pulling at the baby and told the woman to put the baby down. Then the man pointed the gun at Retz and told him to get away from the cab's radio. The man then turned back to the woman, pointed the gun at her face and fired. Retz started running and looked back to see the man pursuing him, but managed to escape. At the hearing, Retz positively identified the petitioner as the man who shot the victim and chased him.

I.

The petitioner contends that there was not sufficient proof of malice shown to sup-

port the trial court's acceptance of the guilty plea. He alleges that since the element of malice involves intent and since he does not remember committing the criminal act, it is not possible for the state to prove malice. His argument appears to involve two separate contentions, the sufficiency of the evidence on the element of malice and the effect of the evidence on the intelligence of the guilty plea.

We shall deal first with the effect on the guilty plea. The voluntariness of the plea is not disputed. The record shows that the petitioner was represented by counsel and that the trial court fully informed him of his constitutional rights, the penalties involved, and the lesser included offenses to the original charge. However, the petitioner does contend that the plea was not intelligently made, inasmuch as it was made without his having actual knowledge of guilt. After a lengthy discussion of all the rights petitioner was waiving, the judge asked him how he wanted to plead.

The petitioner answered:

"Well, sir, I plead guilty to second degree with the interesting thought that I do not remember doing it, but from evidence that my lawyers and the police and the prosecution that I did commit this crime."

The trial court at this point called witnesses and received evidence which was conclusive as to the petitioner's guilt and then accepted the guilty plea. This is clearly in accord with our decision in *Campbell v. State*, (1975) 262 Ind. 594, 321 N.E.2d 560, where we held that a plea of guilty is not required to be motivated by a consciousness of guilt. We said that:

"What is required is that it be voluntary and that the decision be made intelligently, that is with knowledge of the available alternatives and their possible consequences." *Campbell v. State, supra,* 262 Ind. at 598, 321 N.E.2d at 563.

█ In the instant case, as in *Campbell*, it is apparent from the record that while petitioner may not have remembered the criminal act, he was aware of the evidence against him and believed his chance for acquittal was slight. It is also apparent

from the evidence cited above that his belief was well-founded and his choice prudent.

█ We next turn to the sufficiency of the evidence on the element of malice. In post-conviction proceedings the burden of proof rests with the petitioner to establish his grounds by a preponderance of the evidence. Ind.R.P.C. 1, § 5; *Laird v. State*, (1979) Ind., 385 N.E.2d 452; *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738. As a court of review we do not weigh the sufficiency of the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the judgment, the trial court's determination will not be set aside. *Poindexter v. State*, (1978) Ind., 374 N.E.2d 509; *Grigsby v. State*, (1978) Ind., 371 N.E.2d 384.

█ Malice is a state of mind which can be established from the use of a deadly weapon, direct statements of an assailant and the circumstances in which the killing took place. *McKinstry v. State*, (1975) 264 Ind. 29, 338 N.E.2d 636. In the instant case, the direct testimony from the impartial eyewitness establishing the petitioner's use of a shotgun and his unequivocable statement "I'm going to kill you" was substantial evidence of probative value supporting the elements of second-degree murder including malice.

## II.

█ The petitioner also argues that since the evidence in his case is not sufficient to establish second-degree murder, it was error for the trial court to accept the guilty plea and sentence him to a term of fifteen to twenty-five years. He contends that his conviction should be changed to voluntary manslaughter and his sentence modified to two to twenty-one years. However, we have found that the evidence was sufficient on the element of malice, so there was no error in accepting the plea of guilty to second-degree murder.

■ The petitioner finally contends that he should have been allowed to choose whether he wished to be sentenced under the old or new criminal statutes. There is no merit to this contention since the crime was committed three years prior to the effective date of the new statute, and therefore the sentencing provisions of the old statute are applicable. *Parks v. State*, (1979) Ind., 389 N.E.2d 286; *Holsclaw v. State*, (1979) Ind., 384 N.E.2d 1026; *Watford v. State*, (1979) Ind., 384 N.E.2d 1030. There was no error in the sentencing.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PI-VARNIK, JJ., concur.

DeBRULER, J., concurs in result.