**Robert Lee BENTLEY, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 879S237.

Supreme Court of Indiana.

Jan. 15, 1981.

Perry H. Harrold, Wilson, Coleman & Roberts, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant was convicted, following a trial by jury, of Conspiracy to Commit Robbery, Ind.Code § 35–1–111–1 (Burns 1975); Commission of a Felony while Armed, Ind. Code § 35–12–1–1 (Burns 1975); and Murder in the Second Degree, Ind.Code § 35–1–54–1 (Burns 1975), as a lesser degree of the charged offense of Murder in the First Degree, Ind.Code § 35–13–4–1 (Burns 1975). He was sentenced to concurrent terms of imprisonment, the greatest term being for an indeterminate term of not less than fif-

teen (15) years, nor more than twenty–five (25) years on the murder conviction.

This direct appeal presents two issues:

(1) Whether or not the verdicts were sustained by the evidence.

(2) Whether or not the trial court judge erred in failing to disqualify himself, *sua sponte.*

## ISSUE I

The corpus delicti of the crimes of armed felony and murder were proved by the testimony of one of the victims of the robbery, and it is not disputed that three men, two of whom wore ski masks, entered a gambling house, robbed two men, shot another to death and departed. The corpus delicti of the conspiracy and the identity of those who conspired to and did commit the robbery and murder is entirely dependent upon the testimony of David Craig, who had three prior felony convictions and who testified for the State as part of a plea bargain. Under the plea bargain, Craig entered a plea of guilty to one charge stemming from the criminal incident and received a suspended sentence. The other three charges that had been previously filed against Craig were dismissed.

Craig testified that he participated, with the defendant and two others, Williams and Edwards, in both the conspiracy and the resultant robbery and murder.

The four men were riding together and went to a house where ball game tickets were sold. Williams went inside, bought some tickets and returned with the report that there was a lot of money inside and the suggestion that they take it. The plan was agreed upon, and Craig drove the automobile around the nearest corner, and parked while the others went inside and executed the robbery. Craig's role was to be ready with the get–away car. When the three returned to the car, they divided the proceeds of the robbery equally among the four participants.

The defendant's claim of insufficient evidence is a challenge to the credibility of the witness, Craig, without whose testimony the defendant could not be connected to the crimes. He contends that because of Craig's prior convictions and that his testimony was bargained for, it was unworthy of belief. The credibility of witnesses, however, is to be judged by the trier of facts, not by courts of review. *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264; *Dodson v. State,* (1978) 269 Ind. 380, 384, 381 N.E.2d 90, 93. Although we have, in a few instances determined that the evidence was insufficient because the only incriminating evidence was inherently unbelievable, we do not find this to be such a case. The jury was aware of the witness' prior criminal record and of the benefits flowing to him in exchange for his testimony. Unquestionably, those elements rendered his veracity suspect, but they are in a better position than are we to make the credibility determination. We cannot say that a reasonable man could not believe the witness' testimony to be true.

## ISSUE II

The defendant contends that he suffered prejudice because the trial judge had served as his parole officer in the past and asserts that he did not discover the prior relationship until after sentencing. There is nothing in the record to substantiate either the claim of the prior relationship or the late discovery. Neither is there anything in the record to support that such relationship was in any way prejudicial to his defense. In his memorandum in support of the motion to correct errors, the defendant states:

> " * * * but we cannot and do not deny the Court's integrity, and during the trial the Court's ruling was just as fair to the defendant as it was to the State despite one ruling on a Motion for a Mistrial, * * * "

Thus, the defendant does not indicate any instances of bias or prejudicial conduct by the trial court except one alleged error, which he did not raise in his motion to correct errors and does not raise on this appeal.

We note categorically that a bald assertion in the motion to correct errors does not present a sufficient record for review. *See Pulliam v. State*, (1976) 264 Ind. 381, 391, 345 N.E.2d 229, 238.

We note further that, even if the trial judge were privy to information about the defendant's past, he was not required to disqualify himself. *See Grimes v. State*, (1978) 266 Ind. 684, 688, 366 N.E.2d 639, 642 (trial judge that represented appellant in the past not required to disqualify himself from presiding over appellant's guilty plea hearing). We find no merit in the defendant's contention.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.