Thomas L. WEAVER, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 481S99.

Supreme Court of Indiana.

March 8, 1982.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Thomas Weaver, is before this Court appealing from the denial of his petition for Post-Conviction Relief, Rule 1. Therein, he sought relief from the judgment and sentencing entered on his plea of guilty to the crime of burglary as a class A felony. Ind.Code § 35–43–2–1 (Burns 1979 Repl.). Petitioner was sentenced to a term of twenty years to the Indiana Department of Correction for his crime.

Petitioner presents the following issues for our review:

1. Whether the trial court applied incorrect legal standards in determining whether petitioner was denied the effective assistance of counsel;

2. Whether the trial court erred in concluding petitioner was not denied effective assistance of counsel; and

3. Whether the trial court erred when it determined diminution of petitioner's sentence was not warranted by evidence produced at the post-conviction relief hearing.

At the outset, it is recognized petitioner had the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief proceeding. Ind.R.P.C. 1, § 5; *Turman v. State,* (1979) Ind., 392 N.E.2d 483. In reviewing the denial of a petition for post-conviction relief, this Court may not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Henson v. State,* (1979) Ind., 392 N.E.2d 478; *Hoskins v. State,* (1973) 261 Ind. 291, 302 N.E.2d 499.

I.

Petitioner maintains the trial court erred in the standard it employed to determine whether he was denied the effective assistance of counsel. The record reveals the trial court employed the standard traditionally utilized in this jurisdiction: that the constitutionally required adequacy of counsel is determined by whether the counsel provided constituted a "mockery of justice," modified by whether counsel furnished "adequate legal representation." *Miller v. State,* (1980) Ind., 405 N.E.2d 909; *Duncan v. State,* (1980) Ind., 400 N.E.2d 1112; *Crisp v. State,* (1979) Ind., 394 N.E.2d 115; *Cottingham v. State,* (1978) 269 Ind. 261, 379 N.E.2d 984; *Thomas v. State,* (1969) 251 Ind. 546, 242 N.E.2d 919. Petitioner's argument that the application of this standard was inappropriate rests on two bases.

First, he asserts this jurisdiction's standard is constitutionally infirm and should be abandoned in favor of the standard which prevails in federal courts: whether the representation afforded "reasonably competent assistance of counsel acting as a diligent conscientious advocate." *United States v. Moore,* (D.C.1976) 554 F.2d 1086, 1089. *See also, United States ex rel. Williams v. Twomey,* (7th Cir. 1975) 510 F.2d 634; Annot., *Adequate Representation by Counsel,* 2 A.L.R. 4th 27 (1980). Over dissent to that

effect, this Court has very recently reaffirmed its adherence to the "mockery of justice" standard, modified by the requirement of "adequate legal representation." *Adams v. State,* (1982) Ind., 430 N.E.2d 771 (Hunter, J., dissenting). *Stare decisis* prevails; petitioner's invitation to alter our standard is rejected.

■ Petitioner also asserts, however, that given the continued force of the modified "mockery of justice" standard, factual circumstances present in his case warranted the application of an exception to the rule. He correctly states that when an allegation of inadequate counsel is coupled with a record which reveals an incomplete advisement of constitutional rights prior to the entry of a guilty plea, the petitioner need only raise a reasonable doubt regarding the effectiveness of counsel to gain relief. *Grimes v. State,* (1977) 266 Ind. 684, 366 N.E.2d 639; *Sanderson v. State,* (1977) 266 Ind. 205, 361 N.E.2d 910; *Chandler v. State,* (1973) 261 Ind. 161, 300 N.E.2d 877. Petitioner maintains this lesser standard should have been applied because—he asserts—the record of the guilty plea hearing reveals the court did not advise that the offense of burglary required specific intent for its commission; without knowledge of the nature of the charge, his plea was not intelligently entered, he argues.

■ The record of the guilty plea hearing, however, belies his argument, for it reveals the following colloquy between the trial court and defendant:

Q. "Before accepting your plea the Court instructs you that the charge against you is a felony and the statute as it pertains to this crime provides as follows: A person who breaks and enters the building or structure of another person with intent to commit a felony in it commits burglary, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling. Do you understand the statute and the penalty?"

A. "Yes Sir."

The record also reveals defendant was also advised of his constitutional and statutory rights under *Boykin v. Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.). Inasmuch as the petitioner was properly advised prior to the entry and acceptance of his plea, the trial court did not err in refusing to apply the exception recognized in *Grimes, Sanderson* and *Chandler.* See *Harris v. State,* (1978) 267 Ind. 572, 372 N.E.2d 174.

## II.

Petitioner next argues that even if the trial court properly applied the modified "mockery of justice" standard, the court nonetheless erred in concluding the representation provided him was adequate. His contention revolves around the claim that his attorney failed to adequately investigate petitioner's mental condition and history for the purpose of determining the possible propriety of an insanity defense. He asserts that notwithstanding counsel's knowledge of his psychiatric history and condition, the attorney failed to examine any records regarding his mental health, failed to consult with psychiatric experts other than a court-appointed doctor, failed to contact a fellow employee of petitioner, and failed to question the psychiatrist appointed to determine petitioner's competency to stand trial about petitioner's sanity at the time of the offense. In addition, petitioner contends counsel failed to employ his psychiatric problems as a potentially mitigating factor in the plea agreement and misadvised him regarding his eligibility for parole and discharge date.

■ The record, however, is in large part conflicting with respect to petitioner's factual claims. The record reveals counsel was aware of petitioner's psychiatric history. Counsel filed the motion to determine whether petitioner was competent to stand trial; he then discussed the matter of petitioner's sanity with the two court-appointed

psychiatrists who, based on their examinations, each indicated petitioner neither was nor had been psychotic. Faced with these unequivocal opinions, it was not incumbent upon the attorney to seek a third examination and opinion and incur additional costs of representation. *Cushman v. State*, (1978) 269 Ind. 68, 378 N.E.2d 643.

In addition, the record reveals counsel's decision to forego a third psychiatric opinion and insanity defense was based on the fact one of the court-appointed experts, Dr. George Weinland, had treated petitioner at Quinco Consulting Center prior to the commission of the crime; counsel's awareness that Weinland would testify petitioner was sane at the time of the offense was the primary factor prompting the attorney to abandon pursuit of an insanity defense.

Counsel also testified he discussed the possibilities of both insanity and intoxication defenses with petitioner, as well as the ramifications of a guilty plea. He testified he also interviewed approximately twenty potential witnesses about the case, studied the evidence, and entered plea negotiations which resulted in the dismissal of an habitual offender charge for which petitioner's criminal history qualified. He testified he fully explained to petitioner the length of incarceration and potential for parole and discharge from the sentence which would follow the plea; in addition, counsel sought the advice of an attorney who had previously represented petitioner in the cause regarding the propriety and reasonableness of the plea bargain.

■ The totality of these circumstances justifies the trial court's conclusion that petitioner did not sustain his burden to establish his representation constituted a mockery of justice or fell below the standard of adequacy. His attorney's decision to forego the insanity defense was based on an understanding of petitioner's mental condition, the prospective testimony of experts concerning his mental status at the time of the crime, and his knowledge of the evidence surrounding the charges petitioner faced. It is not our prerogative to second-guess deliberate and informed choices made by an attorney for tactical or strategic reasons. *Morris v. State*, (1980) Ind., 409 N.E.2d 608; *Wynn v. State*, (1976) 265 Ind. 133, 352 N.E.2d 493. The presumption that representation was competent and effective is supported by the record. *Baker v. State*, (1980) Ind., 403 N.E.2d 1069. The trial court did not err.

### III.

■ Petitioner argues the trial court erred in concluding that evidence of his poor mental health did not warrant reduction of his sentence. He maintains his counsel was inadequate by failing to use his psychiatric history either in negotiations with the state or at the sentencing hearing. He argues there is no indication the court was aware of his psychiatric history prior to the imposition of the sentence.

The record reveals, however, that the pre-sentence report before the court contained a detailed report of petitioner's mental health and history. The court was required to review and consider the report prior to sentencing. Ind.Code § 35–4.1–4–9 (Burns 1979 Repl.); *Hinton v. State*, (1979) Ind., 397 N.E.2d 282; *Grzesiowski v. State*, (1976) 168 Ind.App. 318, 343 N.E.2d 305. There is no indication to the contrary.

The court listed four aggravating circumstances for the imposition of the enhanced sentence; the court indicated those factors, which all fell within the scope of Ind.Code § 35–4.1–4–7 (Burns 1979 Repl.), outweighed the mitigating factors present. Petitioner has not challenged the veracity of the aggravating circumstances.

■ Petitioner's contention that his representation was inadequate has heretofore been rejected. In failing to argue for a reduced sentence at the hearing, counsel was merely abiding by the terms of the plea bargain he had executed with the state. His acquiescence to the plea agreement did not render the representation a "mockery of justice" so as to warrant relief. *Morris v. State, supra.* The post-conviction relief court did not err in rejecting petitioner's challenge to the propriety of his sentencing.

For all the foregoing reasons, there was no error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.