XAVIER WHITAKER *v.* STATE OF INDIANA.

[No. 1270S316. Filed May 5, 1972. Rehearing denied July 11, 1972.]

*Charles W. Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

DeBRULER, J.—The appellant was convicted of three counts: (1) first degree burglary, (2) commission of a felony while armed with a deadly weapon, to-wit: rape, (3) commission of a felony while armed with a deadly weapon, to-wit: robbery in the Criminal Court of Marion County by the Honorable John T. Davis, Judge, sitting without a jury. By this appeal he raises the question of the sufficiency of the evidence in his case to support his conviction. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably

infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558. In our opinion, the evidence, when viewed in this light, is sufficient to support this conviction, and we affirm the trial court.

The evidence in this case indicates that the prosecuting witness was in her home at approximately 11:30 a.m. on the day in question when a man, whom she positively identified as the appellant here, broke into her house at the point of a gun and proceeded to rape her. She clearly testified to forcible penetration against her will. She further testified that she told her assailant that if he would leave her alone she would give him money and that she was then forced to go around the house with a gun pointed at her head to look for money to give her assailant. She recalled that her assailant mentioned owning two minature Schnauzer dogs while he was standing at the door prior to his entry. This remark came as a result of her assailant seeing her own small dog. Also she testified that during the struggles she tore off the assailant's wristwatch, which he left behind when he fled. She testified that the pistol was a small lady's revolver with a pearl handle. Later, this witness identified the appellant as her assailant from pictures shown to her by the police. The police went to the residence of the appellant and found therein two minature Schnauzer dogs and one small revolver with a pearl handle. The wristwatch which had been torn off during the struggle was identified by the appellant as belonging to him.

The appellant argues that this evidence is insufficient as a matter of law because, (1) he produced corroborating testimony that he had worn a rather thick mustache for several years, although the victim testified her assailant was clean shaven, (2) that the victim's story was so far fetched and fantastic as to be unbelievable, and (3) that as to the robbery count there was no testimony supporting a conviction for robbery since the victim testified that she herself volunteered to give money to her assailant.

None of these objections has merit in our opinion. The victim's testimony in this case was quite lucid and coherent, and her identification of the appellant was not shaken in any way. The argument that no evidence of robbery existed because the victim first mentioned money is, under the circumstances of this case, clearly without merit.

Judgment affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 809.