XAVIER WHITTAKER *v.* STATE OF INDIANA.

[No. 276S49. Filed December 8, 1976.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Stephen Brown*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Susan J. Davis*, Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, Xavier Whittaker, was convicted on July 17, 1970, of first degree burglary, commission of rape while armed, and commission of robbery while armed. These convictions were affirmed by this Court in *Whittaker* v. *State*, (1972) 258 Ind. 455, 281 N.E.2d 809. The Appellant filed a petition for post-conviction relief on January 1, 1975. That petition was amended on April 23, 1975, and a hearing was held on the amended petition on April 25, 1975. The trial judge presiding over this hearing found against the Appellant and filed Findings of Fact and Conclusions of Law on May 5, 1975. A belated motion to correct errors was filed on November 24, 1975, and overruled the same day.

One issue is presented in this appeal for our review. It is asserted by the Appellant that he did not knowingly and intelligently waive his right to trial by jury prior to his 1970 trial. A written waiver of this right, signed by the Appellant, was filed with the trial court. The Appellant argues, as he testified at his post-conviction remedy hearing, that he was not advised of his right to a jury trial by his attorney and that he thought he was signing a paper for a continuance, not one waiving that right.

Article I, Section 13 of the Constitution of Indiana guarantees for an accused the right to a jury trial, as does the Sixth Amendment of the Constitution of the United States. In a post-conviction relief proceeding, however, it is the burden of a petitioner to establish the grounds for relief by a preponderance of the evidence. Ind. R. P.C. 1, § 5; *Davis* v. *State*, (1975) 263 Ind. 327, 330 N.E.2d

738. In a post-conviction hearing, the trial judge, as the trier of facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Lamb* v. *State,* (1975) 263 Ind. 137, 325 N.E.2d 180. The decision of the trial court "against the party bearing the burden of proof will not be set aside on appeal unless the evidence is without conflict and leads unerringly to a result not reached by the trial court." *Roberts* v. *State,* (1975) 263 Ind. 53, 324 N.E.2d 265 at 266.

The waiver of the Appellant's right to a jury trial filed prior to his trial was not difficult to understand. It read simply:

> "Comes now the undersigned Defendant XAVIER L. WHITAKER, and waives trial by jury in the above entitled cause, and asks that the cause be set for Trial by Court after May 20, 1970.
>
> WHEREFORE, DEFENDANT respectfully prays for Trial by Court and a Waiver of trial by jury and that said cause be set for Trial by Court after May 20, 1970."

The Appellant's pre-sentence investigation report established that the Appellant attended school through the eleventh grade and obtained his high school equivalency while in the Marine Corps. The Appellant stated in that report that he attended San Francisco State College and Indiana University. Nonetheless, the Appellant testified at his post-conviction remedy hearing that he could not understand the "legal wording" of the papers sent to him by his trial counsel.

The Appellant testified at the post-conviction hearing that he was not advised of his right to a jury trial by his trial attorney. He admitted on cross-examination, however, that he had been made aware of this right by a judge prior to the acceptance of his plea of guilty of manslaughter in 1958. His petition for post-conviction relief stated that the Appellant's trial counsel was an attorney of his own choosing. No protest to the absence of a jury was voiced at trial. The Appellant's first appeal, which was not conducted by his trial counsel, did not raise this issue. This question was not raised in his petition for writ of habeas corpus filed in LaPorte

Circuit Court in 1973. It was not raised in the Appellant's original petiton for post-conviction relief.

The trial court which heard the evidence on the amended petiton for post-conviction relief in this case specifically found that the Appellant did not carry his burden of proving by a preponderance of the evidence that his waiver of trial by jury was not knowing and intelligent. This conclusion was based on evidence which conflicted and, since he was the only witness to testify on this issue, necessarily centered on the credibility of the Appellant as a witness. As such, we cannot disturb the finding of the trial court below.

The judgment of the trial court below denying the Appellant's petition for post-conviciton relief is affirmed.

All justices concur.

NOTE.—Reported at 357 N.E.2d 243.