Robert Earl **BADELLE**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 281S37.

Supreme Court of Indiana.

May 6, 1982.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged on a three-count indictment; Count One was for Robbery, Count Two was for Confinement, and Count Three alleged the appellant was an habitual criminal. A jury trial resulted in a verdict of guilty on Counts One and Two and a finding on Count Three that appellant was an habitual criminal. He was sentenced to imprisonment for ten (10) years on each of the first two counts and those sentences were enhanced by an additional thirty (30) years by reason of his status as an habitual criminal. The sentences were to run concurrently.

The record shows the following facts. On the evening of December 5, 1977, one Aaron Jenson, a driver for the Yellow Cab Company in Indianapolis was dispatched to a downtown restaurant to pick up a fare. Upon his arrival the appellant told the cab driver the fare was outside and attempted to aid the cab driver in finding her. The appellant then said he needed a cab and asked the driver to take him to his destination. Once in the cab the appellant pulled a gun and took a small amount of money in cash from the driver. Appellant then took the wheel of the cab and made the driver ride in the back seat. He drove around the city for a short time then ordered the driver into the trunk of the cab; however, the cab then failed to restart. Appellant let the driver out of the trunk and fled.

Appellant claims the trial court erred in denying his Motion to Suppress the cab driver's in-court testimony identifying appellant as the robber on the grounds it was tainted by unnecessarily suggestive pre-trial identification procedures.

The specific testimony to which appellant objected was offered by the cab driver in regard to his viewing a photographic display prepared for him by police. Immediately after the robbery the driver had described the robber to police but no arrest was made. In June of 1979, police had the driver view the photographic display in question. The driver testified he selected photograph number four as that of the robber and that photograph was later identified by a police officer as being that of appellant.

Appellant now contends the photo display was unnecessarily suggestive in such a manner as to create a "substantial likelihood of irreparable misidentification." He states the driver was only shown six photographs and four of the men pictured were "too big" to have been the robber. He concludes the inclusion of the photographs of the four others in the display "did, in fact, *mandate* Mr. Jenson's selection of [appellant] as the robber." (Emphasis in original.)

█ This court has held in regard to identification from photographic displays the totality of the circumstances must be considered in determining whether the procedure used was unnecessarily suggestive. *Deaton v. State,* (1979) Ind., 389 N.E.2d 293; *Gaddis v. State,* (1977) 267 Ind. 100, 368 N.E.2d 244. As to appellant's charge that four of the men pictured were "too big", an examination of the pictures discloses all photos of young black men none of whose features serve to suggest anything about their stature. The photograph of appellant is not distinguishable from the others by virtue of his dress or hair style nor are any of his features unusually distinguishable from the features of the others. The record shows that the police in no way suggested that Jenson choose appellant as the perpetrator of the crime.

█ The record further shows that nine days after selecting appellant's photograph Jenson attended a line-up conducted by police in which appellant stood. He testified he picked two subjects out of the line-up as possibly being the robber though he was "more sure" of number two. Subject number two was later identified as being appellant. The testimony was not objected to by appellant. The record also shows when a police officer testified Jenson identified the photograph of appellant in the challenged display as that of the robber, no objection to this testimony was offered. Any error in the admission of evidence is harmless when other evidence having the same probative value is admitted without objection and is not refuted. ˙*Walton v. State,* (1980) Ind., 398 N.E.2d 667; *French v. State,* (1977) 266 Ind. 276, 362 N.E.2d 834. Thus assuming *arguendo* Jenson's in-court identification testimony was erroneously admitted, application of the rule above would make the error harmless.

We find nothing in the record before us to support appellant's assertion that the pre-trial identification was unnecessarily suggestive. We hold there was no error in the admission of the in-court testimony from the victim as to the pre-trial identification of appellant as the robber.

Appellant claims the verdicts of the jury as to his guilt on Counts One and Two are contrary to the evidence, and that the evidence creates no more than a suspicion that appellant committed the offenses charged.

█ This Court does not weigh the evidence or judge the credibility of witnesses. We will set aside the verdict of the jury only when the evidence is without conflict and leads unerringly to a result contrary to that reached by the trial court. *Herman v. State,* (1979) Ind., 395 N.E.2d 249; *Lockert v. State,* (1979) Ind., 391 N.E.2d 613; *Whittaker v. State,* (1976) 265 Ind. 583, 357 N.E.2d 243.

█ Appellant refers frequently to evidence he offered that just prior to the night of the robbery he was involved in a fight,

and as a result his face was bruised and swollen at the time of the crime. On cross-examination Jenson denied the robber's face was bruised. The resolution of this question of conflicting evidence was a question for the jury and is not a proper consideration for this Court on appeal. *Logsdon v. State*, (1980) Ind., 413 N.E.2d 249; *Royston v. State*, (1979) Ind., 397 N.E.2d 285.

■ Appellant also refers to Jenson's testimony as "unreliable" and "equivocal." This assertion goes to the credibility of the witness, which this Court will not consider. *Herman, supra; Lockert, supra; Whittaker, supra.* Jenson's testimony concerning his identification of photographs, his identification at the line-up and his identification at the trial were quite positive. This is substantial evidence of probative value upon which the jury could base its decision that the appellant was, in fact, the perpetrator of the crime. We hold the evidence is sufficient to sustain the verdict of the jury.

Appellant claims the trial court erred in denying his Motion to Dismiss the habitual offender count.

■ First, he claims the enhancement of sentence here is improper because prior to his trial in this case he was tried in Marion Superior Court for murder. He claims the sentence for that crime was enhanced by twenty (20) years on the basis of the same prior criminal history that served as proof in this case. Appellant cites *Busic v. United States*, (1980) 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381, and *Simpson v. United States*, (1978) 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70, for the proposition the enhancement of a sentence under the habitual offender statute is impermissible where there has already been an enhancement of another sentence using the same prior criminal history as the basis for the enhancement. An examination of the cited cases discloses they are not in point at all on this question. Both cases stand for the proposition that where there is a crime growing out of a single transaction such as robbery with firearm and a conviction thereon the sentence cannot be enhanced because of a separate statute that provides an enhancement of

penalty for the use of a dangerous weapon. Thus, the cited cases have no application to the facts in the case at bar. The specific question attempted to be raised by appellant was answered by this Court in *Miller v. State*, (1981) Ind., 417 N.E.2d 339, 343. Citing *Hall v. State*, (1980) Ind., 405 N.E.2d 530, 536.

■ Appellant claims the habitual criminal proceeding is a "trial" unto itself, and there was another trial on the robbery and confinement charges. He thus concludes, "Any other interpretation under these facts is merely a semantic shield for a constitutional violation." He alleges there was a constitutional violation in allowing the same jury to hear evidence in "both" trials.

This Court has previously held that the habitual offender phase of the proceeding does not constitute a separate trial. We have repeatedly stated that the status of an habitual offender is not an offense or crime in itself but is a circumstance the existence of which, if found by the jury, calls for enhancement of the sentence for the last crime charged. *Wise v. State*, (1980) Ind., 400 N.E.2d 114; *Norris v. State*, (1979) Ind., 394 N.E.2d 144. Thus the evidence presented relates to the instant offense, even though the evidence presented is evidence of other judicial proceedings. In an action between the State and a criminal defendant in which the latter is charged with the commission of an offense and with being an habitual offender, one issue raised therein is whether a sentence imposed for the commission of the offense should be enhanced because of prior criminal activity. As such the stage of the proceedings at which evidence of this activity is presented is an integral part of the trial of the issues formed in the case.

■ Appellant claims the habitual offender statute contravenes Article III, Section 1 of the Indiana Constitution, which provides for separation of powers among the three branches of government. Appellant contends the statute vests the prosecutor with "unbridled discretion . . . to choose which defendants . . . shall be subjected to

the enhanced penalty . . . [and allows] prosecutors effectively to impose the sentence . . . ." He points out sentencing is a judicial function and thus asserts judicial power is usurped by the operation of the habitual offender statute. This Court has held adversely to appellant with regard to this issue. *See, Collins v. State*, (1981) Ind., 415 N.E.2d 46; *Eaton v. State*, (1980), Ind., 408 N.E.2d 1281. We thus hold the habitual offender statute does not contravene Article III, Section 1 of the Indiana Constitution.

Appellant claims the trial court erred in admitting into evidence during the habitual offender phase of the proceeding pages one, four, and five of State's Exhibit Eight. The exhibit consists of documents regarding appellant's 1972 conviction for Assault and Battery with Intent to Kill. Pages two and three are the information and the commitment order relating to the conviction. Page one is the charging information for Inflicting Injury in the Commission of a Felony. Page four is an order book entry reflecting the sentence imposed, and page five is an order book entry reflecting a plea of guilty by appellant to Assault and Battery with Intent to Kill in exchange for the dismissal of the charge of Inflicting Injury in the Commission of a Felony.

We agree with the position of the State that the inclusion of these pages of the exhibit serves to explain page two, the commitment order. The order indicates the crime in the cause tried in 1972 was Inflicting Injury in the Commission of a Felony, while further down on the page it is recited appellant was found guilty of Assault and Battery with Intent to Kill.

Evidence is relevant if it has a tendency to prove or disprove a material fact in the case. *Johnson v. State*, (1980) Ind., 400 N.E.2d 132; *Irons v. State*, (1979) Ind., 397 N.E.2d 603. The trial judge is accorded wide latitude in ruling on the relevancy of evidence. *Begley v. State*, (1981) Ind., 416 N.E.2d 824; *Snider v. State*, (1980) Ind., 412 N.E.2d 230. The challenged pages were relevant to prove the existence of a prior felony conviction on appellant's record, in

that they clarified how many convictions there were, and what the conviction was for. We hold the trial judge did not exceed his discretion in admitting these pages of the exhibit.

Appellant claims the trial court erred in admitting pages three and four of State's Exhibit Nine. Page one of this exhibit is the charging information in a 1975 proceeding against appellant for Commission of a Felony While Armed. Page two is the commitment order resulting from the conviction for that offense. Page three is an order book entry showing appellant plead guilty to the charge, and page four is an order book entry showing the entry of the sentence. While it is true pages one and two by themselves would constitute sufficient evidence to sustain a finding appellant was convicted of this offense, we view pages three and four as no more than cumulative in the unchallenged part of the exhibit. We hold the admission of cumulative evidence is largely within the discretion of the trial judge. *Pierce v. State*, (1970) 253 Ind. 650, 256 N.E.2d 557. We see no abuse of discretion here by the trial judge.

Appellant claims the trial court erred in admitting State's Exhibits Ten and Eleven, as they were not properly authenticated as prison records of appellant and were thus admitted without a proper foundation being laid.

As to Exhibit Ten, page one is a certification by the Keeper of the Records of the Indiana State Farm that "the attached are true and complete copies . . . ." As the State points out, page one *is* the certification of all the rest of the documents in the exhibit, and thus each page of the exhibit is properly certified under Ind.R. Tr.P. 44(A)(1). Appellant cites no authority for the proposition each page of this multi-page exhibit must be separately certified, and we know of none.

Regarding Exhibit Eleven, the certification of its contents is reflected on page one and recites "the attached is a true copy of the photo and fingerprints [of appellant]. . . ." Following is a photograph

and fingerprint record. Then a document denoted "(Extradition Form) P.O. 9" appears, which contains a minimum of identification information about appellant. Due to the phrasing of the authentication statement this page of the exhibit cannot be considered to be properly certified. However, given the paucity of information contained thereon and the innocuous nature of the information we deem its inclusion in the exhibit harmless error. It is appellant's burden to affirmatively show the error complained of was prejudicial. *Bean v. State*, (1978) 267 Ind. 528, 371 N.E.2d 713; *Bobbitt v. State*, (1978) 266 Ind. 164, 361 N.E.2d 1193. Appellant does not make the requisite showing of prejudice, nor can we construe any. We hold there was no error in admitting this page of the exhibit.

█ Appellant claims the trial court erred in denying his Motion for Mistrial made in response to allegedly improper comments by the prosecutor during final argument in the habitual offender phase of the proceeding. These comments were made in regard to "credit time" appellant might earn under I.C. 35–50–6–3 [Burns' 1979 Repl.] and in regard to the theory behind the habitual offender statute.

In reviewing the record we find appellant's counsel dwelled almost exclusively on the potential sentences appellant might receive as a result of the verdicts of guilty returned on the robbery and confinement offenses, and on the fact a finding he was an habitual offender would increase his sentence by thirty (30) years. Additionally, he suggested that even if the jury concluded beyond a reasonable doubt he was an habitual offender they were not required to return such a verdict.

This Court has held objectionable remarks of the prosecutor are not cause for reversal if the defendant has invited them by the nature of his own argument. *Lyda v. State*, (1979) Ind., 395 N.E.2d 776; *Rohlfing v. State*, (1949) 227 Ind. 619, 88 N.E.2d 148. The prosecutor was entitled to respond to appellant's own arguments concerning potential sentences and to negate a suggestion appellant should be acquitted as

an habitual offender. There is no error in the trial court's denial of the Motion for Mistrial.

The trial court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.