**Leroy ELMORE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8607–CR–702.**

Supreme Court of Indiana.

Dec. 22, 1987.

Rehearing Denied Feb. 17, 1988.

Daniel L. Bella, Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of the crime of Theft, a Class D felony. He was also adjudged to be an habitual offender. He received a sentence of four (4) years on the theft charge, which was enhanced by thirty (30) years by reason of his status as an habitual offender.

The facts are: On December 17, 1985, a 1985 Century Buick automobile belonging to Leroy Dick was stolen while parked at a place of business on Broadway in Gary, Indiana. Before the police received the report of the stolen vehicle, they received another report to proceed to 324 Tyler Street in Gary because an automobile stripping was in progress. Officer Carl Johnson responded to that call accompanied by his partner. They proceeded down the alley at that address and noticed fresh tire marks in the snow leading into a garage at an abandoned house. There were no tracks leading from the garage.

Officer Johnson and his partner got out of the police car and went to the closed door of the garage. They could hear voices inside the garage and what sounded like a tire jack being operated. The officers entered the garage and arrested appellant and his accomplice. As this was being accomplished, they received the report of the stolen automobile on the police radio. The description matched the automobile in the garage.

Officer Johnson testified that the automobile was jacked up, that the steering column was "busted" near the turn signals and that the lug nuts and hubcaps were lying on the ground. It was also discover-

ed that the automobile's radio and battery were missing. The trunk lock had been "popped" and the keys to the automobile were not in the area. Dick testified that the automobile suffered additional damage in that: the door locks had been "popped out"; the contents of the glove compartment had been placed on the seat; and the front panel had been torn apart.

█ Appellant claims the trial court erred in refusing to give an instruction on a lesser included offense of conversion. It is not proper to give an instruction on a lesser included offense unless the same has been charged in the indictment or information and the proof submitted at trial supports a lesser offense. *Compton v. State* (1984), Ind., 465 N.E.2d 711.

█ The charging information in the case at bar specifically charged that appellant had stolen a motor vehicle. Ind. Code § 35-43-4-2.5(b) provides:

"(b) A person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive the owner of any part of the vehicle's value or use, commits auto theft, a Class D felony."

There is nothing in the evidence in the case at bar which would indicate that the lesser included offense of conversion was an issue. There is evidence in this record to support a conviction of auto theft. The jury was justified in believing that appellant and his companion had stolen the vehicle and in a very short time had begun the process of stripping the vehicle. They had not been given permission to exercise any dominion over the automobile whatever.

It was not error for the trial court to refuse to instruct the jury on the lesser included offense of conversion.

Appellant claims there is insufficient evidence of identification to sustain the jury's verdict in the habitual offender phase of the proceedings. Appellant claims the police officer was unable to identify his fingerprints on the records of prior convictions and that it was improper for the police officer to testify that the photo-

graphs contained in the records of the Department of Correction were the photographs of appellant.

█ It is true that the police officer did not have a full set of appellant's fingerprints to compare with the fingerprints in the records of the Department of Correction. However, at the time of appellant's arrest, the police department took a print of appellant's right index finger which was submitted as State's Exhibit M12. The police officer stated that he had compared State's Exhibit M12 with State's Exhibits J9, K10 and 11A, which were the Department of Correction records of prior conviction of appellant and that the right index fingerprint on Exhibit M12 was the same as the right index fingerprint on the other exhibits. There was thus evidence from which the jury could determine that appellant was the same person listed in the Department of Correction exhibits.

█ It was proper for the State to enter appellant's photograph contained in the records of the Department of Correction for further identification of appellant. However, this record is devoid of any information as to whether or not those photographs were shown to the jury, which of course would have been the better practice. However, we see no reversible error in having the police officer testify that those photographs were of appellant. Such testimony, although conceivably invading the province of the jury, was merely cumulative in view of the identification of the right index fingerprint.

The evidence in this record is sufficient to support the finding of the jury that appellant was an habitual offender.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.