Virgil L. ALLEN, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S00–8610–CR–938.

Supreme Court of Indiana.

Feb. 5, 1988.

John P. Brinson, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Dealing in a Schedule II Controlled Substance, a Class B felony, for which he received a sentence of six (6) years. He was also found to be an habitual criminal, for which his sentence was enhanced by twenty-four (24) years for a total sentence of thirty (30) years.

The facts are: On September 7, 1985, Officer James Allison of the Evansville Police Department and Calvin Ard, a paid informant, went to the Vanderburgh County residence of "Fat Pat," a suspected

crime figure, to see if Ard could buy drugs from him. While Allison waited across the street, Ard spoke with a man named "Roger" and then to appellant. Ard asked him, "Do you know where I could get some crank?" Appellant indicated he could find some at $30 for a quarter gram. Ard then got Allison. Appellant asked him if he were a cop, which he denied.

Allison and Ard haggled over price with appellant, who agreed to get them each a quarter gram for $30 apiece. Allison and Ard each gave him $30 cash. Appellant left to get the drugs and returned in ten or fifteen minutes. Appellant had only one half-gram bag, explaining his source was out of quarter-gram bags. Allison took the bag and later field tested it and placed it in an evidence locker. A subsequent State Police chemical analysis revealed the bag's contents contained methamphetamine.

■ Appellant contends the trial court erred in admitting into evidence State's Exhibits Nos. 5 and 6, evidence of appellant's prior conviction of delivering a controlled substance. In pretrial discovery, appellant stated his intention to raise the defense of entrapment. The State used the exhibits to show appellant's predisposition to commit the crime charged and thereby rebut his entrapment defense. Appellant first argues that since he introduced no evidence regarding the defense of entrapment, the State was not entitled to introduce his prior conviction. He concedes that to get a jury instruction on entrapment, a defendant must indicate that he intends to submit such a defense in time for the State to present rebuttal evidence including prior convictions. *Townsend v. State* (1981), Ind.App., 418 N.E.2d 554, *cert. denied* (1982), 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853.

■ It would be unfair to preclude the prosecution from introducing all evidence relevant to predisposition until the defendant has introduced evidence of entrapment. Appellant argues this rule unfairly results in undue police solicitation of persons having prior drug convictions, whose entrapment defenses are thus more easily negated. The question in any case is the defend-ant's predisposition to commit the offense. It is not a persuasive argument that one person appears to have more predisposition than another. Further, we can hardly disapprove of a rule because it encourages persons with prior convictions to say "No" to solicitations to sell drugs. It was not error to admit evidence of appellant's prior convictions once he indicated an intention to use an entrapment defense. It is immaterial that he did not submit such evidence.

■ Appellant also argues State's Exhibits Nos. 5 and 6 were evidence of occurrences too remote in time to be relevant, having occurred seven years prior to the crime charged. However, trial courts are given wide discretion regarding the irrelevancy of evidence due to remoteness. *Bryan v. State* (1983), Ind., 450 N.E.2d 53. The fact that a substantial time has passed goes to the weight of evidence, not to its admissibility. *Allen v. State* (1982), Ind., 431 N.E.2d 478. We find no error here arising from temporal remoteness, a consideration properly left to the finder of fact.

■ Appellant further contends it was error to admit State's Exhibits Nos. 5 and 6 because they were not shown to be evidence of convictions of the same person as appellant. They were certified copies of the charging information and the order book entry, respectively, of the conviction in 1978 of a Virgil Lewis Allen of dealing in a narcotic drug, Cause No. 78–CR–247. The State offered testimony of Officer Frank Wilkins that he knew appellant, that he arrested him for drug dealing for which he was convicted in 1978, and that he was present in the courtroom. Appellant argues that since Wilkins did not state the cause number of the 1978 arrest, his testimony did not sufficiently connect appellant with Exhibits Nos. 5 and 6.

He also argues that the witness "merely testified that some Virgil Allen in the Courtroom was the one convicted." However, the record reflects that Wilkins pointed out "Mr. Allen," who was "sitting there in the brown shirt." Undoubtedly the jury

could discern whether he meant appellant or some other person.

"The question of defendant's prior convictions is for the jury's determination. (Citation omitted.) Identity may be proven by circumstantial evidence. (Citation omitted.) If the evidence yields logical and reasonable inferences from which the trier of fact may determine it was indeed the defendant who was convicted of felonies twice before, then sufficient connection has been shown." *Coker v. State* (1983), Ind., 455 N.E.2d 319, 322.

Thus in the case at bar sufficient connection was shown between appellant and Exhibits Nos. 5 and 6 so that their admission into evidence was not error.

■ Appellant contends the trial court erred in refusing his Tendered Instructions Nos. 5 and 6; he argues their substance was not covered by the instructions read to the jury. *Smith v. State* (1984), Ind., 468 N.E.2d 512. He argues that No. 5 was necessary to clarify that predisposition is a question of the defendant's subjective intent and not of the relative strength of the State's inducement. *Hardy v. State* (1982), Ind.App., 442 N.E.2d 378. However, we find that the Court's Instruction No. 24 adequately focused the question of predisposition on the defendant's subjective intent; it reads, in pertinent part, as follows:

"The idea must not be planted in the mind of the defendant by a law enforcement officer to violate the law. The idea must already be there and the law enforcement officer merely reveal it by his strategy.... The criminal design must originate in the mind of the defendant."

■ Appellant argues that refusal of his Tendered Instruction No. 6 was error because none of the instructions given adequately informed the jury when an entrapment defense arises nor that an entrapped defendant who committed the crime charged should be acquitted. We disagree; Defendant's Tendered Instruction No. 8 was given and reads:

"It is a defense that:

(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persua-

sion or other means likely to cause the person to engage in the conduct....

If you find that a law enforcement officer, or his agent, used persuasion or other means likely to cause the defendant to engage in prohibited conduct and the defendant was not predisposed to commit the offense, you should find the defendant not guilty."

The refusal of Defendant's Tendered Instructions Nos. 5 and 6 was not error.

■ Appellant contends the trial court erred in admitting into evidence photographs ("mug shots") and copies of prison records and fingerprints used to prove his prior convictions during the habitual criminal phase of his trial. He argues that State's Exhibits Nos. 7C, 7D, 7E, 7X, 7Y, 7Z and 7AA were not properly certified as business records, as permitted by Ind.R. Tr.P. 44(A)(1), and thus were inadmissible hearsay. Appellant first notes that Exhibit 7B, the certification document for Exhibits Nos. 7C, 7D and 7E, was never formally ruled into evidence by the court. However, when the State moved Exhibit 7B into evidence, appellant's counsel did not "have any problem with the certification but" only objected to "things that it lists certified some of which are not within the scope of the pleadings." The court overruled his objection to Exhibit 7B, yet later said it had not been admitted. Because the trial court did overrule appellant's objection and then subsequently ruled that Exhibits 7C, 7D and 7E were properly certified by Exhibit 7B, we find that his error of omission was merely technical and harmless.

Appellant also claims the exhibits were improperly certified because while their certifying documents state "that the attached document(s), numbered [*e.g.*] CR–78–29, CR–78–27, 78–CR–247, and listed below, is/are true and correct copies of the record of Virgil Allen," none of the exhibits referred to are so numbered. An examination reveals, however, that those exhibits incorporating cause numbers correspond to the "numbered" designations in the certifications. The mug shots and fingerprint cards are without cause numbers. The trial court admitted them because they incor-

porated an inmate identification number, 9620–2, also appearing on the certification document, and "for the further reason that the exhibits are self-identifying and self-authenticating documents."

■ In *Badelle v. State* (1982), Ind., 434 N.E.2d 872, we held that a certification must describe each attached document certified. In the case at bar, that function is served by the "attached documents" list on each certification; the list identified each document attached to and covered by that certification. We also stated there is no requirement that each page of a multipage exhibit be separately certified, where the first page certified that "the attached are true and complete copies...." *Id.* at 877. To distinguish the instant case because the State chose to treat each page as a separate exhibit would be to value form over substance. The admission of the exhibits was not error.

■ Appellant contends the trial court erred in overruling his objection to the following question asked of Officer Patty Wazny by the State: "Were you in charge of the investigation pertaining to Virgil Allen and that subsequently culminated in his arrest in 76CR–53 for a drug charge?" Counsel for appellant objected that the question was "intensely leading." The trial court is given wide discretion in allowing leading questions to be asked. We will not reverse absent a showing of substantial injury by the answer to the question. *Hedges v. State* (1982), Ind., 443 N.E.2d 62. Appellant argues substantial injury resulted in that the witness would have been unable to testify that appellant was the same as the person convicted in 76–CR–53 and there was no other evidence to make the connection. However, had the objection been sustained, the State undoubtedly could have used a series of non-leading questions to elicit the same information. We find no substantial injury and thus no reversible error.

■ Appellant contends there was insufficient evidence for the jury to find that he was the person convicted in the prior felonies. Specifically, he argues that Officer Egan, a fingerprint expert who testified

that fingerprints he took from "Virgil Allen" on February 21, 1986, matched those of a Virgil Allen who was convicted of two unrelated felonies, failed to testify that the 1986 fingerprints were those of appellant to thus connect him with the prior convictions. Officer Egan testified as follows:

"Q. Do you know the defendant in this case, Virgil Allen?

A. I don't know him personally, no.

Q. You recognize him?

A. Yes.

Q. Will you point him out to the Court, please?

A. The gentleman in the tan jacket setting at the defense table.

MR. LEVCO: May the record reflect that the witness has identified the defendant?

BY THE COURT: It may.

Q. Did you have occasion to take Virgil Allen's fingerprints?

A. Yes."

On appeal, the evidence is sufficient to sustain an habitual criminal conviction if an inference might reasonably be drawn from the evidence which supports the finding of the jury. *Dorton v. State* (1981), Ind., 419 N.E.2d 1289. We find that a jury might reasonably infer from the testimony above that the witness identified the 1986 fingerprints as appellant's, thereby connecting him to the evidence of the prior convictions. Thus the evidence is sufficient to sustain the finding that appellant is an habitual criminal.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The majority holds that a defendant's statement during pre-trial discovery, that he intended to raise the defense of entrapment, does in law raise the defense of entrapment and renders highly prejudicial evidence of predisposition admissible in the prosecution's case in chief. I see nothing

wrong with requiring the defendant to state such intentions prior to trial, but I perceive that to bind the defendant to such pre-trial statement at trial extends an undue advantage to the prosecution to which it is not justly entitled. The prosecution will under this rule of law, have the benefit of casting a cloud over the character of defendant, thus enhancing the probabilities of a guilty verdict even though the defendant does not sponsor evidence of effective police inducement. The prosecution will receive this overage even though its evidence of predisposition does not in any legal sense rebut an actually existing entrapment defense.

I would adopt the position announced by the Supreme Court of Mississippi in *Walls v. State* (1976), Miss., 326 So.2d 322, relied upon by appellant, that evidence of predisposition in the form of prior similar bad conduct and prior convictions, is not admissible until the defendant actually interposes the defense of entrapment at the trial itself by sponsoring evidence that the conduct of the police induced him to violate the law. Such sponsorship could occur in the cross-examination of prosecution witnesses during the prosecution's case in chief, in which case the prosecution's evidence of predisposition would become immediately admissible. Such sponsorship would not be shown by cross-examination which simply sought to probe and expand on the testimony of a prosecution witness describing what was said and done at the time of the successful solicitation. And furthermore, under the rule which I would adopt, the actual introduction of evidence by the defense during its case, that the inducement offered by the police was received by one who was not then ready, willing and able to violate the law as suggested by the police agents, would raise the defense.

I disagree with the majority that this would be unfair to the State. Unlike an alibi defense, an entrapment defense would be hard to fabricate. A case which carries the potential for an entrapment defense is immediately identifiable by a prosecutor who picks up the file to prepare for trial. Evidence of prior bad conduct and prior similar convictions is readily available to the prosecution side. The prosecution must be armed with most of the evidence of predisposition anyway, since it is approximately the same evidence which the prosecution must have ready in case the defendant chooses to testify and becomes impeachable. In short, I don't think the defendant should be bound by his pre-trial statement that he would raise the defense of entrapment at trial.

In *Townsend v. State* (1981), Ind.App., 418 N.E.2d 554, the Court of Appeals appears to conclude that the failure of a defendant to object to entrapment instructions would waive any claim on appeal, based upon the notion that the entrapment defense was not properly raised. Appellant's claim that it was error to admit evidence of predisposition is such a claim. Contrary to this apparent conclusion, I would grant to a party the right to deal with the erroneous admission of evidence in any acceptable legal manner so as to diminish its impact on the trier of fact, without working such waiver.