Charles TONGE, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8808–CR–733.

Supreme Court of Indiana.

July 24, 1991.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in the conviction of appellant of Attempted Robbery, a Class A felony, for which he received a sentence of thirty (30) years, and Carrying a Handgun Without a License, a Class A misdemeanor, for which he received a sentence of one (1) year, the sentences to be served concurrently. His sentence was enhanced by thirty (30) years by reason of his status as a habitual offender.

The facts are: On March 26, 1986, Ernest Perry operated a rooming house at 2907 North Delaware Street in Indianapolis. On that evening, his daughters, Forestine White and Stephanie Rice, were present. The doorbell rang and Forestine answered. A man later identified as appellant stated that he wanted to rent a room. Forestine called her father, who admitted appellant into the home. However, as they proceeded to look at the room, appellant produced a pistol and demanded Perry's money. As Perry attempted to retreat, appellant fired a shot which struck Perry in

the neck, travelled downward through a lung, exited his side, and lodged in his elbow. As a result, Perry was hospitalized for seven or eight days.

After being shot, Perry exchanged gunfire with appellant, who escaped. Both Perry and his daughter Forestine identified appellant's picture from a photographic array. A year and a half later, they attended a lineup where each identified appellant as the assailant.

■ Appellant claims there is insufficient evidence to support the conviction of attempted robbery, a Class A felony. He bases his contention on the nature of the injury sustained by Perry. He claims that the bodily injury sustained by Perry was not "serious" as required by the statute, Ind.Code § 35–42–5–1, to raise the crime to a Class A felony. In addition to the nature of the wound as described above, Perry testified that he was in severe pain and at the time of trial still carried the bullet in his elbow.

There is ample evidence in this record to support the jury verdict that the attempted robbery resulted in a serious injury, thus raising the crime to a Class A felony. *See Winfrey v. State* (1989), Ind., 547 N.E.2d 272; *Lawrence v. State* (1985), Ind., 476 N.E.2d 840.

■ Appellant contends he was denied due process when he was not permitted to cross-examine Perry as to his prior criminal convictions. Outside the presence of the jury it was determined that Perry had been convicted of dealing in narcotics. He denied any other conviction with the exception of one for operating a "dive." The trial court ruled that Perry's prior convictions were not crimes of dishonesty or false statement; therefore, under *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, they were not admissible.

However, appellant claims that had he been permitted to go further into Perry's criminal background, it would have been disclosed that Perry was guilty of other felonies as well. There is nothing in this record to show that Perry was being untruthful about his criminal record. Never-

theless, if we would assume that further examination would have disclosed a crime which could have been brought to the attention of the jury, we cannot see how it would constitute reversible error.

Perry's testimony concerning the crime was cumulative, being supported fully by that of his daughter Forestine, who heard and witnessed the entire occurrence. Appellant's other daughter, Stephanie, who also was present in the house, heard the conversation between her father and appellant. She also heard the exchange of gunfire and observed her father in his wounded condition following the episode.

Appellant further argues that Perry's integrity was at issue because his version of the conversation between himself and appellant differed from what the daughters testified having heard. The differences, however, are quite insignificant. Perry testified that when appellant announced that he wanted all of Perry's money, Perry stated: "Young fellow, why don't you find something else to do," whereas all the daughters heard was appellant stating: "Old man, you know what time it is. I want your money."

In view of the evidence in this case, we cannot say that the presentation of Perry's criminal record to the jury would have had any appreciable impact on their verdict. We find no reversible error here.

■ Appellant claims the verdict forms were erroneous in that as to each crime the verdict forms were on a single sheet with the guilty verdict form appearing at the top of the page and the not guilty verdict form appearing at the bottom. Appellant takes the position that to place the guilty verdict form first jeopardized him. We believe the prosecuting attorney properly summarized the situation when he stated: "I don't think it's going to make any difference, Judge. I think they'll decide.... I don't think they are going to reach their verdict based upon the juxtaposition of the form."

We cannot derogate the intelligence of a jury by assuming they would be prejudiced by such an insignificant fact as the place-

ment of the verdict forms on the sheet of paper. We see no error here.

Appellant contends it was error to give Instructions No. 3 and No. 4 to the jury. Instruction No. 3 informed the jury that the burden was on the defendant to prove that he had a license to carry a handgun as required by law or that he was exempt from the requirement for a license. The court also gave its Instruction No. 5, which correctly informed the jury that the State must prove each and every element of the offense of carrying a handgun without a license, which included the fact that he was unlicensed.

■ Appellant claims these instructions were confusing and led the jury to believe that the entire burden was on him. We cannot agree with appellant in this observation. There is no question that the burden of proving the elements of the crime lies strictly with the State, and the jury was so instructed. It is, however, the law that when the State has established that a defendant was found to be in possession of a handgun and not in possession of a license to carry it, then the burden shifts to the defendant to come forward with any proof that he in fact was licensed to carry the weapon or was exempt from the statute. *Washington v. State* (1987), Ind., 517 N.E.2d 77.

Such is not an undue burden upon a defendant. This is information which is peculiar and readily available to him. To require the State to eliminate all possibilities of lawful carrying of the weapon would be a waste of judicial time and effort. The trial court did not err in giving the instructions.

Appellant claims the evidence was insufficient to support giving Instruction No. 4, which set forth the elements of the offense of attempted robbery. As discussed above, however, the evidence clearly supports a finding of guilt; it thus certainly suffices to support giving an instruction on the offense.

Appellant contends it was error to admit State's Exhibits Nos. 1, 2, 3, 6, 7, and 8 during the habitual phase of the trial. These exhibits were certified copies of ap-

pellant's prior convictions. Appellant claims they were not properly identified in that the defendant was referred to in some places as Charles J. Tonge, in other places as Charles Joseph Tonge, and in another place as Charles Tonge, Jr. We cannot say that there is a possibility of confusion as to the identity of appellant.

Notwithstanding this slight difference in names, a fingerprint expert testified that on the day of the trial he had taken the defendant's fingerprints, and they matched the fingerprints contained in the State's Exhibits. We see no possibility, under the circumstances, that appellant is not the person referred to in the State's exhibits. *See Allen v. State* (1988), Ind., 518 N.E.2d 800; *Elmore v. State* (1987), Ind., 515 N.E.2d 1388.

Appellant also claims that inasmuch as the exhibits were not properly admitted the State thus did not prove the proper sequence of the prior crimes. However, the exhibits in fact do show a proper sequence. He committed a robbery on February 3, 1981 and was sentenced on May 14, 1981. On September 12, 1984, appellant committed a handgun violation. On September 13, 1984, he was charged, pled guilty, and was sentenced for the handgun violation, a Class D felony, on May 2, 1985. Thus the statutory sequence was established by the State's evidence. *See* Ind.Code § 35–50–2–8.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.