# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 30 2015, 8:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Leon Payne,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 30, 2015<br><br>Court of Appeals Case No.<br>49A04-1410-CR-487<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable David Earl Cook,<br>Judge<br><br>Cause No. 49G07-1407-CM-034840 |

**Najam, Judge.**

# Statement of the Case

Leon Payne appeals his conviction for carrying a handgun without a license, as a Class A misdemeanor, following a bench trial. He presents one issue for our review, namely, whether the State presented sufficient evidence to support his conviction.

We affirm.

# Facts and Procedural History

At approximately 9:00 a.m. on July 10, 2014, the Indianapolis Metropolitan Police Department ("IMPD") dispatched Officer Scott Strietelmeier and several other IMPD officers to the 1600 block of Winfield Avenue in Indianapolis after a resident of that area saw several men standing in a driveway and loading a handgun. The resident was concerned because gunshots had been heard in the area the prior evening.

As the officers drove to the location of the call, Officer Strietelmeier saw several men on the porch of the residence matching the description provided to IMPD. Officer Strietelmeier observed one of the men, Payne, dropping a dark handgun on the ground. Payne picked up the gun and threw it into a line of trees alongside the house.

As Officer Strietelmeier and the other officers got out of their cars, they ordered the individuals to lie face-down on the ground, and the officers handcuffed them. Officer Strietelmeier and another officer searched the tree line next to the

home and found two pistols. Payne did not have a license to carry a handgun. The officers asked Payne about the guns, but he declined to answer questions. Payne was subsequently notified of his *Miranda* rights and arrested.

[6] On July 10, 2014, the State charged Payne with carrying a handgun without a license. The trial court held Payne's bench trial on September 9 and 23, 2014. At the conclusion of the State's case, Payne moved for judgment on the evidence. Payne contended that the State had failed to meet its burden of proof because the State had not shown that Payne did not have the consent of the homeowner to have a firearm at the home, a statutory exception to the offense of carrying a handgun without a license. Payne argued that the statutory exception at issue was not an affirmative defense to be proved by the defendant but, rather, was an element of the offense. Thus, he continued, the burden of proof rested with the State to negate the element.

[7] In response to Payne's argument, the trial court took the issue under advisement. Thereafter, the court concluded that the specific exception Payne sought to apply was an affirmative defense, the initial burden of proof for which rested with Payne. Accordingly, the trial court denied Payne's motion for judgment on the evidence. Payne then testified on his own behalf. Payne stated that the firearms actually belonged to another man present at the home, who also was the person who had tossed the firearms into the bushes. At the conclusion of the trial, the court found Payne guilty as charged and sentenced him to 365 days in the Marion County Jail, with all but fifteen days suspended to probation. This appeal ensued.

# Discussion and Decision

[8] Payne contends that the State failed to present sufficient evidence to convict him for carrying a handgun without a license. Our standard of review for sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Pillow v. State*, 986 N.E.2d 343, 344 (Ind. Ct. App. 2013) (citations omitted) (internal quotation marks omitted).

[9] Indiana's carrying a handgun without a license statute, Indiana Code Section 35-47-2-1, provides in relevant part:

> (a) Except as provided in subsection[] (b) . . . of this chapter, a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed under this chapter to carry a handgun.
>
> (b) . . . [A] person may carry a handgun without being licensed under this chapter to carry a handgun if:

* * *

(2) the person carries the handgun on or about the person's body while lawfully present in or on property that is owned, leased, rented, or otherwise legally controlled by another person, if the person:

(A) has the consent of the owner, renter, lessor, or person who legally controls the property to have the handgun on the premises.

[10] Payne asserts that the State failed to prove in its case in chief that he "lacked the consent of the homeowner to carry a handgun on the private residential property." Appellant's Br. at 4. However, Payne acknowledges that our supreme court "has found that it is the defendant, not the State, who must prove that he came within one of the exceptions to the licensing requirement." *Id.* at 6 (citing, among other cases, *Moore v. State*, 369 N.E.2d 628, 632 (Ind. 1977)). Despite this, Payne asks this court to reconsider our supreme court's precedent because "the ever increasing number" of exceptions to the carrying a handgun without a license statute makes it "more appropriate to require the State to disprove" a claimed exception "where such evidence is readily available and is easily obtained by the State." *Id.* at 7.

[11] But "[i]t is not this court's role to reconsider or declare invalid decisions of our supreme court." *Horn v. Hendrickson*, 824 N.E.2d 690, 694 (Ind. Ct. App. 2005). And our supreme court has already considered and rejected an argument identical to Payne's. In particular, our supreme court has held that

> when the State has established that a defendant was found to be in possession of a handgun and not in possession of a license to carry it, then the burden shifts to the defendant to come forward with any proof that he in fact was licensed to carry the weapon or was [excepted] from the statute.

*Tonge v. State*, 575 N.E.2d 269, 271 (Ind. 1991). *Tonge* precludes our consideration of Payne's argument and is the controlling authority.[1]

[12] The evidence presented by the State at Payne's trial demonstrated that Payne carried a handgun without a license. As such, the burden shifted to Payne to establish that he either had a license to carry his weapon or that he fell within an exception to the statute. Payne did not do so but, instead, testified that the firearm did not belong to him. Payne, therefore, did not meet his burden, and we hold that the evidence was sufficient to support his conviction.

[13] Affirmed.

Baker, J., and Friedlander, J., concur.

---

[1] We also note that, insofar as Payne attempts to rely on post-*Tonge* statutory amendments to avoid applying *Tonge*, his argument is not well taken. In its subsequent amendments to the license statute, our General Assembly has conspicuously not enacted legislation that would demonstrate a disagreement with our supreme court's interpretation of the statute in *Tonge*. In such circumstances, the doctrine of legislative acquiescence—to say nothing of our obligation to simply follow binding supreme court authority—compels the conclusion that our supreme court's interpretation in *Tonge* was correct. *See Bailey v. State*, 979 N.E.2d 133, 141 (Ind. 2012). And, in any event, *Tonge*'s observation that "requir[ing] the State to eliminate all possibilities of lawful carrying of the weapon would be a waste of judicial time and effort" still holds true. 575 N.E.2d at 271.